(Surrogate's Court, Montgomery County. December, 1908.)

1. WORK AND LABOR (§ 26*)—PRESUMPTIONS—RELATION OF PARTIES.
    Where a niece, without any legal obligation so to do, provides her aunt with a home and board, and renders laborious services for two years, day and night, an agreement to pay a reasonable compensation will be presumed.
    [Ed. Note.—For other cases, see Work and Labor, Cent. Dig. § 48; Dec. Dig. § 26.*]

2. WILLS (§ 714*)—LEGACY TO CREDITOR—SATISFACTION OF DEBT.
    A legacy in the will of an aunt to her niece will not be deemed in satisfaction of a debt contracted for services rendered by the niece in taking care of the aunt and providing her with a home, when rendered after the will was made.
    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1698–1701; Dec. Dig. § 714.*]

In the matter of the estate of Margaret Enos. From an order of the surrogate assessing the transfer tax, the executrix appeals. Modified.

Wendell & Sponable, for executrix.
George C. Stewart, for State Comptroller.

MYERS, S. The decedent died January 27, 1907, at the age of 84 years, leaving her surviving Augusta Fisher, this appellant, her niece, and also leaving one nephew, her only heirs at law and next of kin. She left personal property, the net value of which was found by the appraiser to be $2,731.27, and upon this amount tax was assessed by the order appealed from.

On the 1st day of January, 1903, decedent, then being sickly, came to reside with the appellant, whether of her own accord or by invitation the evidence taken by the appraiser does not show, and continued to reside in the home of appellant, and was boarded, nursed, and cared for by her until her death. On the 10th day of September, 1904, decedent made her last will and testament, in which she first directed that all her just debts and funeral expenses be paid, and thereafter devised and bequeathed all of her property unto Augusta Fisher, the appellant herein, and to her heirs and assigns, forever, and appointed the said Augusta Fisher to be executrix.

The evidence taken by the appraiser shows that at no time was any agreement entered into between decedent and appellant whereby de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cedent was to pay any certain sum for her care and maintenance, or any stated amount per week for care and maintenance. For the services, board, etc., the appellant made claim as a creditor of the estate on the hearing before the appraiser for $1,486, which amount was not allowed and deducted by the appraiser as a debt in fixing the value of the estate subject to taxation. There is no dispute that claimant furnished board and lodging and rendered all the services for which she claims compensation as creditor, nor is there any dispute that the amount claimed is reasonable. The only question now to be determined is whether appellant is entitled to have such claim allowed and deducted as a debt against the estate, for the purpose of arriving at the value of the estate subject to taxation.

The rendition and acceptance of services beneficent in their nature imply a promise to pay what such services are reasonably worth. This is the general rule laid down. Such presumption, however, is overcome in certain cases from the relationship of the parties and the circumstances surrounding the transactions. The claimant in this case, without any legal obligation on her part to do so, received the decedent into her home, and, in addition to providing her with a home and boarding her, rendered laborious services, which during the last two years of her life occupied most of appellant's time and attention day and night. Had this appellant been without a home, and gone to the home of decedent, and rendered such services there, receiving in return a home and support and maintenance, I think, without a promise on the part of decedent to pay for such services, that a presumption would arise that the services were gratuitous. In this case there was not, in my opinion, a sufficient reciprocity in the benefits enjoyed by the parties, nor a sufficiently close relationship existing between them, to rebut the presumption of an agreement to pay a reasonable value for such board, lodging, and care.

The will contained an express direction for the payment of debts. A large portion of the support and services for which claim is made was rendered after the making of the will, and I believe that the doctrine that a legacy is never deemed a satisfaction of a debt contracted after the making of a will applies in this case to such services. Decedent having made claimant her sole legatee, it is true she could maintain no action for the value of her services, electing to accept the bequest. Had she, on the contrary, failed to make a provision for claimant by her will, I am clearly of the opinion, from the wording of the instrument and all the circumstances, that she could have recovered from the estate the value of the services rendered, and for the purpose of taxation the claim should be allowed as a valid debt.

Let the order appealed from be modified to the extent of making the cash value of the estate to be taxed $1,245.27, instead of $2,731.27.

Decree modified.