## In the Matter of Estate of BRIDGET A. BANNON, Deceased.

Surrogate's Court, Orange County, April 5, 1928.

**Taxation — transfer tax — deductions — undisputed claim for board and special care of decedent is proper deduction in transfer tax proceeding.**

A claim in behalf of the administratrix of decedent's estate for " board and special care * * * 312 weeks at $25.00 per week — $7,800.00 " is a proper deduction in proceedings to assess a transfer tax. The claim is a valid debt of the estate since the affidavits presented show that the services rendered were unusual and that the deceased agreed to pay claimant.

APPEAL from an order fixing transfer tax upon the appraiser's report.

*Graham Witschief,* for the administrator.

*H. W. Chadeayne,* for the State Tax Department.

SMITH, S.   Sarah B. Kearney, daughter and sole heir at law and next of kin of the deceased, is the administratrix of her estate. The return and schedules filed with the appraiser include an item of $7,800 claimed to be due to the administratrix " for board and special care as shown in annexed affidavit of claimant, 312 weeks at $25.00 per week — $7,800.00." The amount of the claim is not disputed and the only question to be determined is as to whether or not such a claim is a proper deduction in proceedings to assess the tax.

The claimant's affidavit presents facts which show that the services rendered were unusual and that the deceased agreed to pay her for the same. This evidence is corroborated by the affidavits of two wholly disinterested persons. It seems to be a case where the administratrix has allowed a claim which, had other persons been interested in the estate who objected to such claim on an accounting, the court would be justified in overruling such objections upon the testimony presented in this proceeding.

The allowance or disallowance of such a claim must be determined in each case on the evidence presented and it is not intended to decide that every claim for services presented by a near relative which has been allowed must be deducted by the appraiser as a valid debt of the estate.

It has been held that a somewhat similar claim should be allowed as a proper deduction in a testate estate given to the claimant (*Matter of Enos*, 61 Misc. 594) although the soundness of this decision has been questioned. (Gleason & Otis Inheritance Taxation [3d ed.], 370.) The contrary was decided in Kansas. (*State* v. *Mollier*, 96 Kans. 514.)

The order will be modified in accordance herewith.