In the Matter of the Estate of EUGENE J. FLOOD, Deceased.

Surrogate's Court, New York County, October 8, 1928.

*Matthew J. Wheelehan,* for the executors and trustees.

*Isidor Enselman,* for objectant Murray.

*Arthur T. O'Leary,* for the objectant Brady.

FOLEY, S. Supplementing my original decision in this contested accounting proceeding (127 Misc. 797; 133 id. 72), the respective personal claims of the two executors made in their first accounting will be disposed of as follows:

(1) As to the claims of Anna Ryan, the following were withdrawn by consent: Items of $561.08, $60, $72 and $331.

(2) There remains for disposition her claim for services rendered to the decedent as nurse and housekeeper from December 5, 1917, to November 3, 1921, a period of 198 weeks at $20 per week, $3,960. I find upon the testimony that there is no legal basis for its allowance. The claim is asserted by a sister of the decedent, who resided with him and their aged mother. The sister was the housekeeper of the family for a long time prior to the making of the alleged agreement. The change of status, therefore, from a member of the family, rendering gratuitous services and receiving support in the household, to an employee for pay, requires close

scrutiny. In the determination of the claim, I have had in mind the rule as to the sufficiency of proof laid down by recent decisions. In *Caldwell* v. *Lucas* (233 N. Y. 248) it is stated: "The plaintiff was only required to make out a case by a fair preponderance of the evidence, and as we said in *McKeon* v. *Van Slyck* (223 N. Y. 392) and *Ward* v. *N. Y. Life Ins. Co.* (225 N. Y. 314) the law does not specify of what the evidence shall consist, to make out a fair preponderance. As in every other case it is for the triers of facts to take into consideration all the circumstances such as the nature of the claim, tardiness in its presentation, the death of the man against whose estate the claim was presented, etc., in arriving at a conclusion." (See, also, *Robinson* v. *Munn*, 238 N. Y. 40, 45.) The latter circumstances are present in the claim asserted here. While the decedent during the period of the alleged nursing was disabled by a physical ailment, he was able to walk about and to leave his home for almost the entire period of four years. He was confined to his bed only one month before his death. The alleged necessity for a nurse has not been established. There is no adequate proof of an express promise to pay a specified compensation or sufficient evidence of any similar contract. It is conceded that no payment of the weekly amount, or any other form of payment on account, was made in the four-year period during the lifetime of the decedent, and the demand asserted against the estate falls into the class of claims delayed for presentation until after death. (*Robinson* v. *Munn*, 238 N. Y. 40.) The only inference to be drawn is that the services were gratuitously rendered as a matter of affection and natural duty. Nor, under the circumstances developed here, was there any implied obligation to pay for the services. Where there is a close relationship between the claimant and the decedent, the presumption is customarily invoked that the work was not to be paid for. (*Collyer* v. *Collyer*, 113 N. Y. 442; *Matter of Dole*, 168 App. Div. 253; *Platt* v. *Hollands*. 85 id. 231; *Smith* v. *Burhyte*, 197 id. 725.) The testimony of the witnesses as to the alleged declarations of the decedent that he "would compensate" her indicate an intention to remember her in his will, rather than an express admission of existing obligation, The decedent's affection and regard for the claimant and his appreciation of her care were embodied in his will, in which he bequeathed the greater part of the estate to her and the lesser part to his two other sisters. The testimony of the clergyman does not establish any contract, and he refused to testify definitely that a specified compensation was promised by the decedent. The testimony of the other executor, McNulty, in behalf of the claimant, is not convincing. His overzealous disposition to assist the claimant

here to obtain unlawful profit from the estate is emphasized by other evidence in this contested accounting proceeding and by the surcharges made against both executors. As the trier of the facts, with the opportunity of observing the witnesses, I hold, therefore, that the claim must be disallowed upon the merits. (*Robinson* v. *Munn*, 238 N. Y. 40; *Caldwell* v. *Lucas*, 233 id. 248; *Donnarumma* v. *Potter*, 211 App: Div. 54; *Kenny* v. *Carroll*, 207 id. 729; *Conway* v. *Cooney*, 111 id. 864; *Stafford* v. *Brown*, 120 id. 156; *Matter of Otis*, 126 Misc. 741.)

(3) The remaining undisposed of personal claim of Patrick J. McNulty is allowed, and the payment of $1,064 for counsel fees is confirmed as paid.

The foregoing determinations may be embodied in the proposed decree in the pending accounting proceeding.