BRUNO NIEWIADOWSKI, Respondent, v. KULP-WACO, INC., et al., Appellants.— Order reversed on the law and facts, with $10 costs and disbursements, and motion denied, with $10 costs. (See *Wilkolaski* v. *Hanavan*, 149 Misc. 838, affd. 240 App. Div. 867.) All concur, except PIPER, J., who dissents and votes for affirmance. (Appeal from an order granting plaintiff's motion to open his default and restoring the case to the trial calendar.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

In the Matter of DOROTHY MOTT et al., Individually and Constituting a Majority of the OSWEGO HOUSING AUTHORITY, et al., Respondents, against FRANK L. GOULD, as Mayor of the City of Oswego, Appellant.— Order affirmed, with $50 costs and disbursements. All concur. (Appeal from an order directing Frank L. Gould, as Mayor of Oswego, to execute a contract between the Oswego Housing Authority and the City of Oswego.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

In the Matter of the Accounting of OLGA NOWROCKI, as Executrix of EUNICE SYPIAN, Deceased, Respondent. MICHAEL SYPIAN, Appellant; JOAN SYPIAN, Respondent.— Decree insofar as appealed from affirmed, with costs. All concur. (Appeal from part of a decree allowing a claim against decedent's estate for nursing care.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

ROBERT L. BEINERT, Individually and as President of CLARK'S POINT ASSOCIATION, Appellant, v. HENRY F. CLARK et al., Respondents.— Judgment affirmed, with costs. All concur. (Appeal from a judgment dismissing plaintiff's complaint in an injunction action.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

NORMAN CARR, an Infant, by ALFRED RINEHARD, His Guardian ad Litem, Appellant, v. CARMEN SCIANDRA, Respondent, et al., Defendants.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Appeal from order dismissed. Memorandum: Under the circumstances disclosed in this record defendant's automobile at the time of the accident was being operated by D. Brigante within the purview of section 59 of the Vehicle and Traffic Law. (See *Arcara* v. *Moresse*, 258 N. Y. 211.) Whether or not it was being so operated with defendant's permission, express or implied, is a question of fact which should have been submitted to the jury. (See *Piwowarski* v. *Cornwell*, 273 N. Y. 226.) All concur. (Appeal from a judgment dismissing the complaint as to defendant Carmen Sciandra, in an automobile negligence action. The order severed the action against plaintiff by defendant Szrama.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

ALFRED RINEHARD, Appellant, v. CARMEN SCIANDRA, Respondent, et al., Defendants.— Same decision and like cause of action as in companion case of *Carr* v. *Sciandra* (*ante*, p. 1072, decided herewith). Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.