Joseph A. Cox, S.
In this accounting proceeding, a claim has been asserted by one Elizabeth Schultz, a sister of decedent, for $21,352.10 as a balance allegedly due her from the decedent *1013 based upon an alleged oral agreement that sbe would be recompensed for moneys and services rendered by her on bebalf of tbe decedent between July, 1946 and tbe date of his death September 29, 1955.
Tbe claim when first presented to tbe administratrix herein was based upon an alleged written agreement entered into between tbe claimant and the decedent. Tbe alleged written agreement relied upon consisted of a clause which was contained in a power of attorney executed by tbe decedent on June 6,1952. It reads as follows: “ This will also authorize Elizabeth Schultz to deduct from any monies due me any expenses incurred by ber in my care and maintenance, and also a reasonable allowance for any and all services performed by ber on my behalf.”
Tbe administratrix rejected said claim'and tbe claimant herein thereupon brought an action in tbe Supreme Court, New York County, to enforce tbe collection of same. After a trial before Judge NathaN, tbe case was dismissed without prejudice. The learned court correctly held that: “ Tbe document relied upon by the plaintiff is not an agreement to repay ber for services rendered or money paid on bebalf of tbe deceased brother. Rather, it is a power of attorney authorizing her to reimburse herself for such services and payment. Tbe power was valid in its inception and properly exercised. To that extent it has not been here successfully attacked. It was, however, terminated by tbe death of tbe grantor.”
The claimant thereupon filed an amended claim against the estate which was also rejected. This time, however, the claim was based upon an alleged oral agreement set forth as follows:
‘ ‘ My claim is based upon an agreement, express and/or implied, that I be reimbursed for all monies spent by me on behalf of the deceased and that I be paid the reasonable value of all services rendered by me to the deceased for the period from in or about July, 1946 to the date of the death of the deceased, on or about September 29,1955.”
In support of her claim, the claimant’s sister testified to an alleged oral agreement made in 1946 and reaffirmed in 1947. It is conceded that at the time the alleged oral agreement was made the decedent had an income of approximately $600 per annum and paid rent of $45 per month. He may have had some capital assets but the nature and extent of such capital assets are not revealed by the testimony.
It was not until after the death of decedent’s brother, Bernard Schultz in 1950, when decedent became entitled to share in his brother’s estate that anything was done to provide for payment to his sister for his care and maintenance. Accordingly, on *1014 June 6, 1952, the power of attorney running from decedent to his sister Elizabeth was executed. It was in such power of attorney that the clause originally relied upon by the claimant was contained. The claimant, pursuant to the power of attorney, indorsed over to herself and deposited to her own account, distributions due the decedent from her brother Bernard’s estate, to the extent of $5,000. On December 8, 1952 when the deceased returned from a stay at St. Vincent’s Hospital, he made out a check to his sister in the sum of $1,500 to cover his hospital expenses. On September 22, 1955 while in the hospital and at which time he was obviously unable to sign his name, as the signature on the withdrawal slip is made by his mark, he withdrew from the West Side Savings Bank, where he had an account, the sum of $1,000 payable to the claimant, Elizabeth Schultz. Many other checks were introduced into evidence which would indicate that the decedent continuously, from 1950 on, paid his own way. It is also significant that although the decedent received distributions of approximately $8,000 from the estate of his brother Bernard, only $5,000 was taken by his sister in repayment of his indebtedness to her. In fact on July 5, 1955, two checks were drawn by Elizabeth Schultz, the claimant, payable to Louis B. Schultz the decedent, as partial distribution from his brother’s estate. One check in the sum of $1,000 was indorsed and deposited by claimant in her own account, the other check in the sum of $2,000 was deposited in the decedent’s account in the West Side Savings Bank.
Our courts have held consistently that claims of the type here presented should be carefully scrutinized and that the proof presented as to such claims must be clear, consistent and convincing (Ward v. New York Life Ins. Co., 225 N. Y. 314; McKeon v. Van Slyck, 223 N. Y. 392). This court finds that the testimony here presented in proof of the claimant’s claim is not so clear and convincing. It seems apparent to this court that when the claimant first undertook the care and maintenance of her brother, she undertook this duty as a matter of love and affection. There was a close relationship existing between the brothers and sisters of this family. This court is inclined to invoke the presumption that the services were not to be paid for but were rendered purely out of a sense of natural duty and the love and affection this claimant had for the decedent (Matter of Basten, 204 Misc. 937; Matter of Flood, 133 Misc. 77; Collyer v. Collyer, 113 N. Y. 442; Fox v. Arctic Placer Min. & Milling Co., 229 N. Y. 124; Robinson v. Munn, 238 N. Y. 40).
It is also interesting to note that the first claim filed by the claimant contained no claim for hospital, medical, nursing and *1015 other incidental expenses and from her own testimony, it would appear that the claimant regarded these items as paid out of the money she took for herself pursuant to the power of attorney. During his lifetime and when he was able to do so, the decedent apparently paid the claimant for all moneys she disbursed on his account and to some extent for the services she rendered on his behalf.
This court has no doubt that the claimant herein, who devoted so much of her time and energy in nursing and caring for the decedent, expected some larger show of gratitude from him, but this court cannot invoke such gratitude on the decedent’s behalf. The moneys received by the claimant from the decedent pursuant to the power of attorney and otherwise, must be held to be payment to the claimant in full for all moneys expended on his behalf and for all services rendered to him. No other conclusion can be reached from the testimony adduced before this court. The claimant’s claim is, therefore disallowed, except as to the items of $200 paid to the Riverside Memorial Chapel and $75 for a burial monument made after the death of the decedent.
Submit order on notice settling the account accordingly.