■ HELENE GLASBERG, Appellant, v. SIDNEY KRAUSS, as Administrator of the Estate of ROBERT KRAUSS, Deceased, Respondent.— Judgment directing a verdict in favor of defendant and dismissing the complaint following a verdict for plaintiff by a jury, reversed, on the law and on the facts, and a new trial granted, with $50 costs to abide the event. We find the jury verdict for plaintiff to be against the weight of the evidence on the issue as to whether or not there was an implied promise by the decedent to pay plaintiff, as housekeeper and nurse, the reasonable value of the services she rendered to him for some six and one-half years prior to his death. In civil cases a plaintiff is never required to prove a case by more than a preponderance of evidence. However, in this class of case the triers of the fact must not forget that death has sealed the lips of the alleged promisor. " They may reject evidence in such circumstances which might satisfy them if the promisor were living. They must cast in the balance the evidence offered upon the one side and the opportunities for disproof upon the other. They may, therefore, be properly instructed that to make out a preponderance, the evidence should be clear and convincing." (*McKeon* v. *Van Slyck,* 223 N. Y. 392, 397; *Ward* v. *New York Life Ins. Co.,* 225 N. Y. 314; *Matter of Block,* 258 App. Div. 342; *Matter of Lochmuller,* 67 N. Y. S. 2d 598, affd. 273 App. Div. 759; *Matter of Freeman,* 23 Misc 2d 846; *Matter of Schultz,* 18 Misc 2d 1012; *Matter of Long,* 144 Misc. 181.) The jury should have been instructed more fully in this regard. Concur — Rabin, J. P., Valente, McNally and Stevens, JJ.; Steuer, J., dissents and votes to affirm in the following memorandum: I dissent and vote to affirm. In my opinion the evidence was not sufficient to show that whatever services were rendered by plaintiff were rendered under the expectation that they would be paid for. Rather, they indicate that plaintiff was taken into the deceased's household to provide a home for her, and she performed whatever services were called for to make herself useful so that the arrangement would be continued. After the death of deceased's wife, the arrangement continued but, if anything, on a more intimate basis. While the trial court submitted the issues to the jury in an excess of caution, he was entirely correct in thereafter dismissing the complaint because no case had been made out.

■ In the Matter of BURTON N. PUGACH, Petitioner, v. HYMAN KORN et al., Respondents.— Cross motion to dismiss petition granted and the proceeding unanimously dismissed, without costs and without disbursements. Petitioner has no standing to bring this proceeding. Concur — Rabin, J. P., Valente, McNally, Eager and Steuer, JJ.