■ In the Matter of the Estate of MARIANO MATRANGA, Deceased. FRANCES MANCINI, Appellant; FRANK MATRANGA et al., Respondents.— In a proceeding to settle an executor's account, a claimant appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Westchester County, entered October 5, 1965 upon a decision of the court after a nonjury trial, as disallowed her claim in the sum of $25,910 for domestic and home nursing services allegedly performed by her at the request of and for the decedent, her uncle, for approximately 16 years prior to his death, upon his alleged promise that he would provide for her. Decree, insofar as appealed from, affirmed, without costs. In our opinion, the Surrogate was fully warranted in finding that the testimony offered in support of appellant's claim fell far short of being clear and convincing, as required in such a case. (McKeon v. Van Slyck, 223 N. Y. 392, 397–398; Rosseau v. Rouss, 180 N. Y. 116, 121; Kearney v. McKeon, 85 N. Y. 136, 139–140; Matter of Kane, 236 N Y S 2d 975, 976.) Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ ESTELLE M. MARKS, Respondent, v. IRVING H. MARKS, Appellant.— In an action for divorce, defendant husband appeals from so much of an order of the Supreme Court, Westchester County, entered January 3, 1966, as: (1) granted plaintiff wife's motion to punish him for contempt of court for failing to make certain payments for support of plaintiff and two children of the parties, pendente lite, as directed by a prior order of said court; (2) denied his cross motion to modify the prior order; and (3) awarded an additional counsel fee to plaintiff. Order modified by reducing the amount to be paid for support from $275 per week to $225 per week and the award of an additional counsel fee from $1,500 to $750. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, the change of circumstances in that the child Barbara is no longer residing with plaintiff and is self-supporting warrants a reduction in the support payments. We believe that an award of $750 is sufficient at this time to compensate plaintiff's counsel for the services for which the award was made. Otherwise, it is our finding that Special Term did not abuse its discretion in determining defendant's application to modify the order directing support payments to be made. The trial court may still determine whether plaintiff is entitled to a further additional counsel fee in the action, under the terms of that order, and that determination should rest upon the entire proof adduced at the trial (Goldberg v. Goldberg, 20 A D 2d 806). Hill, Acting P. J., Rabin, Hopkins and Benjamin, JJ., concur.

■ JOSEPH MORIN, Respondent, v. GABOR RANASZ, Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, entered April 26, 1965, which (1) granted plaintiff's motion to vacate a prior default order of the court granting defendant's prior motion to dismiss the complaint pursuant to statute (CPLR 3211, subd. [a], pars. 5, 8); and (2) denied defendant's said motion to dismiss the complaint. Order modified by deleting its last decretal paragraph denying defendant's motion and by substituting therefor a provision granting such motion, dismissing the complaint and directing judgment to be entered in defendant's favor. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to defendant. In our opinion, the record fails to demonstrate by requisite proof that defendant was validly served with process within the period of the applicable three-year Statute of Limitations. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.