William J. Regan, S.
In this proceeding to judicially settle the accounts of the administratrix, objections have been filed against various items of the account.
Several hearings have been held wherein various of the objections have been withdrawn or determined in open court, leaving certain items of the account yet to be determined.
This decision deals solely with the claim of Stephen Spiess, son of the decedent, who has claimed equitable ownership of the premises at 1215 Broadway in the City of Buffalo, New York.
At a hearing duly held on the 11th day of April, 1966 the testimony of various witnesses established that claimant, during the lifetime of the deceased, entered into an agreement with the deceased whereby claimant agreed to raze, at his own expense, the improvements then contained on premises at 1215 Broadway and to erect in the place thereof improvements consisting of a gas station, all at the expense of claimant. It was purportedly agreed that claimant should maintain and conduct the operation of the gas station and that agreed rentals be paid to the deceased, who should retain ownership of the premises. In consideration of this agreement the deceased allegedly promised and agreed that the realty in question, together with the improvements thereon, would eventually be devised to claimant. The deceased died intestate without having ever conveyed the premises in question.
Ordinarily the claim of a party closely related to the deceased will be closely scrutinized by the court, the presumption being that the services were rendered through love and affection and not for pay. The services of this claimant, however, are not such services as one would ordinarily expect to be performed, even by a blood relative, without proper remuneration and reimbursement. Claimant, according to the evidence herein, relied on the statements of the deceased to the effect that claimant would be compensated by a gift by will. The fact that there was a failure to so provide does not bar claimant from recovery. The agreement, once established, is enforcible. Recovery may be on the basis of quantum meruit. (Matter of Aldridge, 135 Misc. 442; Matter of Riccio, 24 A D 2d 483.)
This court is satisfied that the claim of Stephen Spiess has been established by a fair preponderance of evidence that is clear and convincing and accordingly allows said claim in the sum of $1,500, which amount is hereby determined to be the fair and reasonable value of the services rendered by claimant.