■ In the Matter of the ESTATE OF HELEN E. WILSON, Deceased. (Appeal No. 1.)—Judgment unanimously reversed on the law and facts without costs and judgment granted to respondent, in accordance with the following Memorandum: Petitioner filed this claim against the estate of his mother for $45,000 for caretaking services allegedly rendered by him to his mother during the last 4-⅓ years of her life. Following a hearing conducted before a Referee, the Surrogate upheld petitioner's claim and granted judgment in his favor in the

amount of $45,000. Respondent, the executrix of the estate and daughter of decedent, appeals from the judgment and decree, contending that petitioner failed to sustain his burden of showing that he rendered services to the decedent and that there was a mutual agreement or expectation that petitioner would be compensated for those services out of the estate.

Upon our review of the hearing evidence, we conclude that the proof was factually and legally insufficient to support petitioner's claim. Generally, in a proceeding to recover from an estate for services rendered by a claimant to the decedent, proof that the services were in fact rendered raises a presumption that they were rendered in the expectation of compensation by the estate *(Matter of Harvey,* 15 AD2d 834; *Matter of Adams,* 1 AD2d 259, 262; *Matter of Hughes,* 229 App Div 614, 615, *appeal dismissed* 254 NY 597; *Matter of Basten,* 204 Misc 937, 940, *mot to dismiss appeal granted* 283 App Div 829). Where the parties are related, however, particularly where the relationship is that of parent and child, the presumption is reversed *(see, Matter of Adams, supra; Matter of Schultz,* 18 Misc 2d 1012, 1014; *Matter of Basten, supra).* In that event, it is presumed that the services were rendered in consideration of love and affection, without expectation of payment *(see, Matter of Adams, supra; Matter of Spiss,* 50 Misc 2d 27, 28; *Matter of Schultz, supra).* It is incumbent upon the claimant to demonstrate, by clear, convincing and satisfactory evidence, that there was an agreement, express or implied, that the services would be compensated *(see, Matter of Matranga,* 25 AD2d 782; *Glasberg v Krauss,* 24 AD2d 425; *Matter of Adams, supra,* at 261-262). Measuring claimant's proof against those standards, we conclude that he did not adduce clear and convincing evidence that there was an agreement—whether express, implied in fact, or implied in law—that he would be reimbursed by the estate for services allegedly rendered to his mother.

Our review of the record reveals numerous factual and legal circumstances belying petitioner's claim. We credit the testimony of respondent's witnesses that, despite her illness, decedent was alert, oriented, ambulatory and self-sufficient through July 1987, and that petitioner did not perform the various extraordinary services that he claims to have provided. We also find incredible petitioner's account of the alleged conversations upon which his claim is based. From all accounts, the relationship between petitioner and his siblings was acrimonious and, in such climate, it is not plausible that the parties would have engaged in the conversations alleged

by petitioner. Further, even if we were to accept petitioner's account as true, his testimony is legally insufficient to establish the existence of an express or implied agreement to compensate him. Petitioner's own testimony is devoid of any indication that his mother agreed to an alleged proposal to pay petitioner $200 per week. Petitioner's testimony demonstrates only that decedent allegedly overheard conversations between him and other members of the family in that regard. Other circumstances, however, tend to rebut any inference that decedent had an intent to reimburse petitioner. The trust instrument, which was executed by decedent after the reimbursement obligation allegedly arose, provided for distribution of decedent's property equally to her six children. If decedent had the intent to reimburse petitioner, provision for such payment naturally would have been made in the trust instrument.

The evidence also is insufficient to establish a quantum meruit claim. Claimant did not relocate, give up his career or disrupt his own family life in order to take care of his mother *(cf., In re Sypian's Will,* 114 NYS2d 587, *affd* 281 App Div 1072). In fact, it appears that claimant benefited as much as his mother from their living arrangement *(see, Matter of Adams, supra,* at 262). In the circumstances presented, claimant's services should be regarded as having been rendered in lieu of a monetary contribution toward household expenses, not in consideration of an implied obligation by his mother to reimburse him.

Because claimant failed to overcome the strong presumption that his services were rendered out of love and affection and not with an expectation of payment, we reverse the judgment for petitioner and grant judgment to respondent disallowing and dismissing the claim. (Appeal from Judgment of Erie County Surrogate's Court, Mattina, S.—Estate Accounting.) Present—Denman, P. J., Balio, Lawton and Davis, JJ.