■ In the Matter of the Estate of HELEN P. LOCKWOOD, Deceased. CHARLES O. LOCKWOOD, Respondent; GEORGE F. LECHELT, Appellant. [651 NYS2d 224] —Casey, J. Appeal from an order of the Surrogate's Court of Otsego County (Farley, J.H.O.), entered October 24, 1995, which granted petitioner's application to disallow a claim made by respondent against the estate of Helen P. Lockwood.

Respondent appeals from an order of Surrogate's Court granting petitioner's motion for summary judgment disallowing respondent's claim against two bank accounts in decedent's name. According to respondent, two days before decedent's death, she gave him two bank books along with signed withdrawal slips and told him to cash them after her funeral. A week after the funeral, however, he claims that the documents were taken away from him by one of decedent's daughters, who now refuses to give him the money.

In our view, Surrogate's Court properly awarded judgment in favor of petitioner based on the Dead Man's Statute (CPLR 4519). Under that statute, testimony of an interested witness concerning a personal transaction between the witness and the decedent is not permitted (*see, Phillips v Kantor & Co.*, 31 NY2d 307, 313). However, the statute's exclusion is specifically limited to testimony received "[u]pon the trial of an action or * * * proceeding" (CPLR 4519). Here, respondent's evidence of his conversation with decedent would be inadmissible at trial. The problem, however, is that the procedural posture of this case is a pretrial motion. In general, evidence excludable under the statute at trial may still be considered so as to defeat a summary judgment motion (*see, Matter of Alden*, 52 AD2d 1051). Nevertheless, where, as here, the sole evidence proffered by the opposing party is the latter's oral communication with the decedent, this Court has found such to be insufficient to withstand summary judgment (*see, Albany Sav. Bank v Seventy-Nine Columbia St.*, 197 AD2d 816). The Court of Appeals has also stated that "a trial would seem unnecessary if it were certain * * * that all the proof [were] excludable" (*Phillips v Kantor & Co., supra*, at 314). As Surrogate's Court noted, there were no witnesses to respondent's conversation with decedent and he failed to offer any further extrinsic evidence

to support his claim. Under these circumstances, the court's order should in all respects be affirmed.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.