■ In the Matter of the Estate of MALVINA F. BARR, Deceased. SISTER JOHN HELEN (KATHRYN A.) MAIN et al., Appellants; DAVID A. GUILMETTE, as Executor of MALVINA F. BARR, Deceased,

et al., Respondents. [676 NYS2d 323] —Peters, J. Appeal from an order of the Surrogate's Court of St. Lawrence County (Rogers, S.), entered April 4, 1997, which granted respondent David A. Guilmette's motion for summary judgment dismissing the claim against the estate of Malvina F. Barr.

Petitioner Kermit A. Main (hereinafter Main) and petitioner Sister John Helen (Kathryn A.) Main, brother and sister, filed claims against the estate of Malvina F. Barr (hereinafter decedent), the wife of their maternal uncle. They contended that in 1953, when they were 15 years old, their mother entered into an oral agreement with decedent for them to provide services which were to be paid for after decedent's death.[1] The services allegedly provided by Main, as relevant to this appeal, include intermittent home maintenance, yard work, transportation, shopping, food preparation and companionship from 1953 until 1994, valued in the amount of $78,350. Sister John Helen alleged the intermittent rendition of similar services in the amount of $17,200.

In December 1995, the estate rejected both claims as barred by the Statute of Limitations and the Statute of Frauds. Upon further requests for discovery propounded by both parties, ultimately prompting, *inter alia*, a motion for preclusion and a cross motion for additional discovery, Surrogate's Court, with the consent of all parties, held the motion in abeyance pending the estate's submission of a summary judgment motion. Upon the filing of such motion by the estate,[2] the court granted the motion finding, *inter alia*, that the alleged agreement was barred by the Statute of Frauds and that petitioners had not established decedent's intent to compensate them for their services in order to recover in quantum meruit. Petitioners appeal and we affirm.

Upon our review and concurring with the reasoning of Surrogate's Court, we conclude that General Obligations Law § 5-701 (a) precludes the assertion of petitioners' entitlement to compensation based upon an oral agreement to provide services to decedent to be paid for after death (*see, Matter of Kittay*, 118 AD2d 647, *lv denied* 68 NY2d 604; *Dreher v Levy*, 67 AD2d 438). We find no merit to petitioners' contention that the agreement was terminable at will prior to decedent's death

1. Notably, both petitioners initially alleged that they personally entered into the oral agreement with decedent and that such agreement was not made by their mother on their behalf.

2. Respondent Attorney-General filed a notice of appearance as representative of a charitable residuary legatee, fully concurring, on appeal, with the estate.

and therefore fell outside of the Statute of Frauds (*see, Bay-reuther v Reinisch*, 264 App Div 138, *affd* 290 NY 553).

Further acknowledging the right of a party to recover for the reasonable value of services in quantum meruit where the enforcement of an oral agreement is found to be barred by the Statute of Frauds (*see, Matter of Argersinger*, 168 AD2d 757), our review reveals that this record is devoid of evidence proving that the parties intended to form a contract (*see, id.*). Moreover, where the parties are related, "it is presumed that the services were rendered in consideration of love and affection, without expectation of payment" (*Matter of Wilson*, 178 AD2d 996, 997; *see, Matter of Adams*, 1 AD2d 259, *affd* 2 NY2d 796), only to be rebutted by "clear and convincing evidence that there was an agreement—whether express, implied in fact, or implied in law" (*Matter of Wilson, supra*, at 997). Although petitioners were not related by blood to decedent, they were her niece and nephew by marriage. This fact, coupled with the failure to offer any contrary proof other than self-serving assertions, is insufficient to disturb the determination reached by Surrogate's Court.

Finally, while we agree with petitioners' contention that a court should not ordinarily consider the admissibility of testimony under the Dead Man's Statute (*see*, CPLR 4519) on a motion for summary judgment, such consideration by Surrogate's Court was appropriate since it was the only evidence presented, constituting proof insufficient to defeat the estate's motion (*see, Matter of Lockwood*, 234 AD2d 782).

We reject any further contentions derived from allegations that the failure to comply with discovery demands precluded the proffer of relevant evidence to defeat this motion for summary judgment, since all parties stipulated in open court that motions seeking to compel compliance should be held in abeyance pending the resolution of this motion. Accordingly, we affirm the order of Surrogate's Court.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs. [*See*, 173 Misc 2d 685.]