■ MICHAEL P. MANTELLA, Individually and as Coexecutor of GILDA MANTELLA, Deceased, Respondent, v JOSEPH A. MANTELLA, Individually and as Coexecutor of GILDA MANTELLA, Deceased, Appellant, et al., Defendants. [701 NYS2d 715] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Rumsey, J.), entered February 16, 1999 in Cortland County, which, *inter alia*, granted plaintiff's motion for summary judgment and declared two deeds to certain property null and void.

On August 16, 1990, Gilda Mantella (hereinafter decedent) executed a power of attorney appointing defendant, her son, as attorney-in-fact. In March 1994, she was diagnosed with Alzheimer's disease. While acting as decedent's attorney-in-fact, defendant executed a warranty deed on September 12, 1996 transferring real property owned by decedent in the Town of Homer, Cortland County, to himself and his wife. The deed stated that the transfer was made in consideration of $1. Decedent died on February 8, 1997 leaving her estate to defendant and her other son, plaintiff herein, to be divided equally and appointing both as coexecutors of her estate. On June 12, 1997, defendant and his wife conveyed the subject property to their daughter.

In January 1998, plaintiff commenced this action alleging, *inter alia*, that defendant was not authorized to transfer the property and seeking to have both deeds declared null and void. Following service of defendant's answer, plaintiff made a motion for, *inter alia*, summary judgment. Supreme Court, *inter alia*, granted the motion declaring the deeds null and void and vesting the subject property in decedent's estate. Defendant appeals.

Initially, we note that "[a] power of attorney * * * is clearly given with the intent that the attorney-in-fact will utilize that power for the benefit of the principal" (*Moglia v Moglia*, 144 AD2d 347, 348). The relationship between an attorney-in-fact and his principal has been characterized as agent and principal with the attorney-in-fact under a duty to act with the utmost good faith toward the principal in accordance with the principles of morality, fidelity, loyalty and fair dealing (*see, Semmler v Naples*, 166 AD2d 751, 752, *appeal dismissed* 77 NY2d 936). "Consistent with this duty, an agent may not make a gift to himself or a third party of the money or property which is the subject of the agency relationship" (*id.*). In the event such a gift is made, there is created a presumption of impropri-

ety which can only be rebutted with a clear showing that the principal intended to make the gift (*see*, *id.*).

In the instant case, however, defendant maintains that the transfer was not a gift but was done in consideration for services provided to decedent by caring for her prior to her death. However, "where parties are related, 'it is presumed that the services were rendered in consideration of love and affection, without expectation of payment' " (*Matter of Barr*, 252 AD2d 875, 877, quoting *Matter of Wilson*, 178 AD2d 996, 997). Here, defendant has provided little to rebut this presumption and substantiate his claim that the transfer was for consideration and was intended by decedent. Defendant submitted his affidavit only which contained self-serving statements regarding his conversations with decedent. Defendant averred that, after becoming disabled in July 1992, he made a "bargain" with decedent in which he agreed to care for her so she would not have to live in a nursing home and she, in turn, agreed to help him with his expenses. Defendant stated it was decedent's and his intent "to transfer the real estate to [defendant] and possibly [plaintiff], however, [plaintiff] showed no interest in the transfer whenever [defendant] discussed it with him". Later in the affidavit, defendant averred "I told [plaintiff] that I was going to use the Power of Attorney to transfer the house into either my name or both of our names and it was [decedent's] intent".

Generally, evidence consisting of communications between an interested party and a decedent which is excludable at trial as violative of the Dead Man's Statute (*see*, CPLR 4519) may still be utilized by the opposing party to defeat a motion for summary judgment. Where, as here, such evidence is proffered as the sole proof in support of the opposing party's claim, it is deemed insufficient (*see*, *Matter of Lockwood*, 234 AD2d 782). Nevertheless, even accepting the truth of defendant's statements, they do not reveal that it was decedent's intent to transfer the property to defendant and his wife only in exchange for their care of her until her death. Therefore, we find no reason to disturb Supreme Court's order and judgment (*see*, *Albany Sav. Bank v Seventy-Nine Columbia St.*, 197 AD2d 816).

Crew III, Peters, Spain and Graffeo, JJ., concur. Ordered that the order and judgment is affirmed, with costs.