Matter of Maika (2022 NY Slip Op 03589)

Matter of Maika

2022 NY Slip Op 03589

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND NEMOYER, JJ.

123 CA 20-01422

[*1]IN THE MATTER OF THE ESTATE OF FRANK I. MAIKA, DECEASED. CORA A. ALSANTE, ADMINISTRATRIX OF THE ESTATE OF FRANK I. MAIKA, DECEASED, PETITIONER-RESPONDENT; ANNE MAIKA AND PHILIP MAIKA, RESPONDENTS-APPELLANTS.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DANIEL R. ROSE OF COUNSEL), FOR RESPONDENTS-APPELLANTS.
HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Spencer J. Luddington, A.J.), entered March 20, 2020. The order denied the motion of respondents for summary judgment dismissing the petition and granted the petition. 
It is hereby ORDERED that the order so appealed from is reversed on the law without costs, the motion is granted, and the petition is dismissed.
Memorandum: In this proceeding pursuant to SCPA 2103, respondents appeal from an order that, inter alia, denied their motion for summary judgment dismissing the petition, sua sponte granted summary judgment on the petition, and set aside a deed conveying real property to respondents. We agree with respondents that Supreme Court erred.
Respondents are 2 of decedent's 12 children and were the primary caregivers for decedent, who suffered from severe disabilities, in the years preceding his death in July 2017. In February 2010, decedent executed a power of attorney authorizing five of his children, including respondent Philip Maika (Philip), to act on his behalf with respect to various transactions, including real estate transactions, but only if a majority of the appointed agents agreed on a transaction. The power of attorney did not authorize decedent's agents to make major gifts on his behalf. In March 2017, Philip and two of his siblings, acting in their capacities as decedent's attorneys-in-fact, conveyed decedent's home (property) to respondents as joint tenants, with decedent retaining a life estate in the property. Following decedent's death, petitioner, as the appointed administrator of decedent's estate, commenced this proceeding alleging that the property had been improperly transferred to respondents and should be delivered to decedent's estate.
The court concluded that the transfer was an improper gift, relying on the presumption that "where parties are related, . . . services were rendered in consideration of love and affection, without expectation of payment" (Mantella v Mantella, 268 AD2d 852, 853 [3d Dept 2000] [internal quotation marks omitted]; see Matter of Wilson, 178 AD2d 996, 997 [4th Dept 1991]). Even assuming, arguendo, that the presumption applies to the inter vivos transfer at issue here (see Mantella, 268 AD2d at 852-853; cf. Wilson, 178 AD2d at 996-997), we conclude that respondents supported their motion with "clear, convincing and satisfactory evidence[] that there was an agreement
. . . that the services would be compensated" (Wilson, 178 AD2d at 997). Respondents submitted, in addition to their own affidavits, affidavits from the two attorneys-in-fact who voted with Philip to transfer the property. Each averred that the transfer was intended to compensate [*2]respondents for their continued care of decedent and that respondents' services allowed decedent to remain in his home. Each further averred that she agreed to the transfer knowing that it would diminish her own share of decedent's estate. Thus, respondents rebutted the presumption and established as a matter of law that the transfer of property was not a gift (cf. Mantella, 268 AD2d at 852-853). Further, respondents established that the attorneys-in-fact acted within the authority delegated to them by decedent to transfer real property for his benefit, i.e., as compensation for the services that permitted him to remain in the home in accordance with his expressed wishes (cf. Borders v Borders, 128 AD3d 1542, 1543 [4th Dept 2015]). Petitioner failed to raise an issue of fact in response (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
All concur except Smith and Peradotto, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent because we disagree with the majority on a point of law implicated in this case and, even if we were to apply the law as set forth by the majority, we would still conclude that respondents are not entitled to summary judgment dismissing the petition. We would therefore affirm.
"Where the parties are related, . . . particularly where[, as here,] the relationship is that of parent and child[ren], . . . it is presumed that the services [rendered to the parent] were rendered in consideration of love and affection, without expectation of payment" (Matter of Wilson, 178 AD2d 996, 997 [4th Dept 1991]). "It is incumbent upon the [party claiming compensation] to demonstrate, by clear, convincing and satisfactory evidence, that there was an agreement, express or implied, that the services would be compensated" (id.).
In contrast to the majority, it is our view that, when an attorney-in-fact child, whose action or vote is necessary to approve a transfer of property allegedly as compensation for services rendered to a parent, is an interested party who stands to receive such alleged compensation, the attorney-in-fact child must rebut the presumption with evidence of the parent's intent to transfer the property as compensation (see Mantella v Mantella, 268 AD2d 852, 853 [3d Dept 2000]; see also Matter of Curtis, 83 AD3d 1182, 1183 [3d Dept 2011]; Matter of Naumoff, 301 AD2d 802, 804 [3d Dept 2003], lv dismissed 100 NY2d 534 [2003]). Here, however, respondents produced "no evidence of decedent's intention to compensate [them] for [their] efforts" (Naumoff, 301 AD2d at 804; see Mantella, 268 AD2d at 853). Inasmuch as respondents did not rebut the presumption, they failed to meet their initial burden on the motion, and the court properly denied their motion, granted summary judgment sua sponte on the petition, and set aside the deed conveying real property to respondents.
In any event, contrary to the majority's determination, we conclude that respondents failed to submit clear and convincing evidence that there was an agreement between respondents and the attorneys-in-fact "—whether express, implied in fact, or implied in law—that [respondents] would be reimbursed . . . for services allegedly rendered to [decedent]" (Wilson, 178 AD2d at 997). The clear and convincing evidence standard "requires evidence that makes it highly probable that what [a party] claims is what actually happened . . . , i.e., evidence that is neither equivocal nor open to opposing presumptions . . . , and it forbids relief whenever the evidence is loose, equivocal or contradictory" (Matter of Monto v Zeigler, 183 AD3d 1294, 1295 [4th Dept 2020], lv denied 35 NY3d 904 [2020] [internal quotation marks omitted]). Here, that standard has not been met. Respondents rely only on self-serving statements in their own affidavits and after-the-fact, hearsay statements in the affidavits of two of respondents' siblings who were attorneys-in-fact recounting prior conversations among the attorneys-in-fact, without any contemporaneous evidence to substantiate that the property transfer—which occurred during the terminal months of decedent's illness even though his will would have passed the property equally to all of his children—was intended to compensate respondents for their care of decedent (see generally Mantella, 268 AD2d at 853; Matter of Barr, 252 AD2d 875, 877 [3d Dept 1998]; Wilson, 178 AD2d at 997-998). Even assuming, arguendo, that respondents met that burden, we would conclude that, viewing the evidence in the light most favorable to petitioner and drawing every available inference in her favor (see generally De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]), petitioner's submissions in opposition, including the affidavit of another sibling, raise a triable issue of fact whether the household arrangements between decedent and respondents were for their mutual benefit and the services were rendered in consideration of love and affection, rather than with an expectation of compensation (see generally Matter of Adams, 1 AD2d 259, 262 [4th Dept 1956], affd 2 NY2d 796 [1957]; Wilson, 178 AD2d at 998).
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court