# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 26
In the Matter of the Estate of
Frank I. Maika, Deceased.

Cora A. Alsante, &c.,
    Appellant;
Anne Maika et al.,
    Respondents.

Mary L. D'Agostino, for appellant.
Daniel R. Rose, for respondents.

MEMORANDUM:

The order of the Appellate Division should be affirmed, with costs.

Decedent executed a power of attorney authorizing several of his children to act on

his behalf with respect to real estate transactions and health care expenses, but not granting

- 1 -

the power to make gifts. Pursuant to the authority granted by the power of attorney, decedent's agents, by majority vote, transferred title to decedent's residential property to two of his children as compensation for caregiving services that they had provided to decedent for over seven years. Decedent, however, retained a life estate in the property. The determinative question presented on appeal is whether this transfer was a gift or compensation under the terms of the power of attorney.[1] There is unrebutted evidence that the two children had repeatedly asked for compensation for their services and the request was met with approval. However, only one child was initially able to receive nominal payment due to decedent's lack of liquid assets. We agree with the Appellate Division that petitioner failed to raise a triable issue of fact in response to respondents' prima facie showing of entitlement to summary judgment.

---

[1] The issue of whether the transfer was in decedent's best interest (*see* dissenting op at 2) is unpreserved and, in any event, not germane to this analysis.

TROUTMAN, J. (dissenting):

I respectfully dissent.  "Because [t]he relationship of an attorney-in-fact to [the] principal is that of agent and principal . . . , the attorney-in-fact must act in the utmost good faith and undivided loyalty toward the principal, and must act in accordance with the

- 1 -

highest principles of morality, fidelity, loyalty and fair dealing" (*Matter of Ferrara*, 7 NY3d 244, 254 [2006] [internal quotation marks omitted]). "Consistent with this duty, an agent may not make a gift . . . of the money or property which is the subject of the agency relationship" (*Mantella v Mantella*, 268 AD2d 852, 852 [3d Dept 2000] [internal quotation marks omitted]). "In the event such a gift is made, there is created a presumption of impropriety which can only be rebutted with a clear showing that the principal intended to make the gift" (*id.* at 852-853).

Respondents concede that the power of attorney signed by decedent in 2010 did not authorize his attorneys-in-fact to make gifts. They contend, however, that the 2017 transfer of property to them was not a gift but rather compensation for years of intensive caregiving. The power of attorney authorized decedent's attorneys-in-fact to act in accordance with decedent's instructions or in his best interest. To overcome the presumption that their caregiving services were provided out of love and affection (*see id.* at 853), which presumption respondents concede applies here, and to demonstrate that the attorneys-in-fact acted within their authority under the power of attorney, respondents were therefore required to demonstrate that the attorneys-in-fact were compensating them for their caregiving in accordance with decedent's instructions or were otherwise acting in decedent's best interest.

I disagree with the majority that the issue whether the transfer was in decedent's best interest is unpreserved and "not germane" to our analysis (majority mem at 2 n). In challenging the transfer, petitioner necessarily challenged the authority of the attorneys-in-fact to approve the transfer under the terms of the power of attorney. In support of their

motion for summary judgment, respondents demonstrated that a majority of the attorneys-in-fact, which majority included respondent Philip Maika, intended to compensate respondents for their caregiving. But respondents did not demonstrate that decedent himself intended to compensate respondents or that such compensation was in decedent's best interest. In opposition to respondents' motion for summary judgment, petitioner's submissions raised issues of fact regarding whether the transfer constituted self-dealing by Philip or was otherwise inconsistent with the fiduciary obligations of the attorneys-in-fact to act in decedent's best interest. Respondents' implied assertion that the power of attorney gave the attorneys-in-fact absolute authority to make decisions on decedent's behalf regardless of decedent's wishes or best interest—which the majority appears to endorse by concluding that decedent's best interest is "not germane"—cannot be reconciled with the fiduciary obligations of attorneys-in-fact nor with the plain language of the power of attorney itself.

Respondents failed to demonstrate on their motion for summary judgment that the attorneys-in-fact were acting in accordance with decedent's instructions to compensate respondents. Inasmuch as Supreme Court failed to consider whether the attorneys-in-fact were acting in decedent's best interest, and the record reveals issues of fact on that subject, I would modify the Appellate Division order by denying respondents' motion for summary judgment and remit for further proceedings.

Order affirmed, with costs, in a memorandum. Chief Judge Wilson and Judges Garcia, Singas and Cannataro concur. Judge Troutman dissents in an opinion, in which Judge Rivera concurs. Judge Halligan took no part.

Decided April 25, 2023