In the Matter of the Accounting of EzRA RIFLE, as Executor of RAY E. ADAMS, Deceased, Appellant. FRANCES M. NIELSEN, Respondent.

Fourth Department, March 14, 1956.

*Michael J. Montesano, Kenneth W. Kitzinger* and *Robert Leacy* for appellant.

*Bernard Sicherman* for respondent.

KIMBALL, J. We have recently had occasion to comment upon the method of taking proof by testimony in proceedings in Surrogate's Courts under the several provisions contained in section 32 of the Surrogate's Court Act. (*Matter of Nowakowski*, 1 A D 2d 250.) A similar situation was here presented. The testimony of the witnesses was taken before the clerk of the

court whose only authority was " to take under oath and report the testimony " and who had no authority to pass upon the issues involved. (Surrogate's Ct. Act, § 32, subd. 10.) The memorandum decision was over the signature of the Surrogate. The decree recites that it was made at a Surrogate's Court held by the Surrogate and it is signed by the Surrogate. We are here bound to recognize the presumption of regularity of the proceedings. We presume that the determination was made by the Surrogate after examination of the testimony reported by the clerk and after approval of the rulings made by the clerk. We presume that the decision embodied in the memorandum is that of the Surrogate. There are no facts shown which rebut the presumption of regularity. There has been no motion to vacate the decree on the ground that the Surrogate abrogated his judicial powers and duties and conferred them upon his clerk.

The proceeding for the judicial settlement of the accounts of the executor was one pending in the Surrogate's Court and determinable only by the Surrogate. There was no " proceeding " before the clerk as stated in the record. The clerk had no authority to hear or conduct a " proceeding " let alone the authority to determine it. It is erroneous to suppose that subdivision 10 of section 32 of the Surrogate's Court Act invests the Surrogate with power to remit a " proceeding " pending in his court to a clerk for hearing or trial. The hearing or trial of the pending proceeding is necessarily before the judge who has jurisdiction over the proceeding. In aid of such hearing or trial, the Surrogate has been given statutory authority to direct the clerk " to take under oath and report the testimony ". To take and report such testimony as may be directed by the Surrogate is the sum of the clerk's authority. If the record showed that the Surrogate directed the particular clerk to take certain specified testimony and further showed that in pursuance of such direction, the clerk did so and duly reported the same, there would be no need to indulge in the presumption that the statute was duly and regularly observed.

The wording of the decree does not accurately reflect the facts. It was correct to recite that the trial was had in the Surrogate's Court. It is then recited " the witnesses having been heard ". The impression would be that the Surrogate heard the witnesses and was thus able to appraise their credibility. That, of course, is not the fact. Only the clerk heard the witnesses, and he had no authority to appraise their credibility since he could not " pass upon the issues ". It would clarify the record if the decree had recited the fact that the testimony had been directed to be taken by the clerk and that the clerk had

reported the same to the Surrogate and that the Surrogate had approved the rulings made, or stated what if any had been disapproved. It is, however, our opinion as expressed in the *Nowakowski* case (1 A D 2d 250, *supra*) that the presumption of regularity here prevails and the appeal must be decided upon the merits.

The decree from which the executor appeals, awarded the claimant, Frances M. Nielsen, the sum of $3,640, with interest of $436.80. Her claim was for " [p]ersonal and nurses services " in the claimed amount of $18,000 during 1940–1943 and 1945–1948. There were no formal findings. The memorandum of the court bases the award on the *quantum meruit* theory. There was no written agreement but the court found an implied agreement on the part of the testator to pay. The Surrogate found that claimant's services covered a period of four years and found that such services were reasonably worth $17.50 per week.

We find that the evidence is not of such convincing and satisfactory a nature as to sustain the claim. In fact, as we view it, there was no expectation on the part of the claimant to receive compensation for such services as she performed. She was a niece of the testator. After her mother died in 1918 and her father remarried, she lived with a grandfather until his death. Then in 1934 the testator took claimant, who was then fourteen years of age, into his home in Chicago. He regarded her as a daughter. She lived with testator and his wife who maintained her and sent her through high school. In 1936, claimant married her first husband, Nielsen. When testator's wife died in 1940, the claimant and her then husband came to live with the testator who paid the bills. Claimant performed household duties and received a weekly allowance from the testator. This arrangement continued until 1948, except for a period when claimant was in service with the WACS [Women's Army Corps] during 1944–1945, and was continued after her discharge. She divorced Nielsen in 1948. In November, 1948, the testator went to Buffalo to live. Since then claimant had married and divorced one Mason.

It appears that in September, 1946, the testator had an illness which confined him to bed for a time, and thereafter he got around with the aid of a chair and crutches. There is no doubt that from then until claimant left the home to divorce her husband in 1948, she was caring for the home and performing certain personal services for her uncle.

There was testimony that the testator said he was going to make a will in favor of the claimant to repay her for what she had done. Such evidence negates the theory of expectation

of compensation and implied contract. Claimant cannot recover on a contract to make a testamentary provision since such an agreement must be in writing. (Personal Property Law, § 31, subd. 7.) Likewise any contract not to be performed within a year or "the performance of which is not to be completed before the end of a lifetime" is also void unless in writing (§ 31, subd. 1). If claimant was to recover, it had to be on the proof of an implied contract. Claims of this nature must be established by convincing and satisfactory evidence. (*Matter of Ditson,* 177 Misc. 648; *Matter of Van Slooten* v. *Wheeler,* 140 N. Y. 624; *Matter of Block,* 258 App. Div. 342 and cases there cited.) The rule is that performance and acceptance of services raises the inference of an implied contract to pay the reasonable value thereof. However, such inference may not be drawn "where because of the relationship of the parties, it is natural that such service should be rendered without expectation of pay." (*Robinson* v. *Munn,* 238 N. Y. 40, 43.) The case of *Matter of Sypian* (114 N. Y. S. 2d 587, affd. 281 App. Div. 1072), relied upon by the Surrogate and the respondent presents a factual situation quite different from that here presented. In the *Sypian* case, the testatrix sent for her daughter who was living and working in California. She quit her job, gave up her apartment and returned to Rochester to care for her mother. There was some evidence that testatrix intended to pay. In the instant case, the household arrangements were those of mutual benefit. We find no convincing and satisfactory evidence of an implied agreement to pay claimant. We think the presumption is that what special services claimant performed were performed through natural love and affection and, indeed, gratitude. (*Matter of Basten,* 204 Misc. 937; *Matter of Mulderig,* 196 Misc. 527 and cases there cited.) Moreover, the evidence is that claimant made no claim or demand during the lifetime of the testator although the services, whatever they were, terminated sometime in 1948 and the testator lived until May 20, 1951. The claimant might have expected some benefit by way of testamentary provision but nothing else. Such expectation belies a contract. Recovery cannot be based on disappointed expectations. (*Frankenberger* v. *Schneller,* 258 N. Y. 270, 273.) The claimant filed no claim for services until about eighteen months after testator's death. The inference is that an implied contract was an afterthought. How the period of services was fixed at four years is not plain. There was no proof of the reasonable value of whatever services claimant may have performed.

We are of the opinion that there is insufficient evidence which is clear, convincing and satisfactory to sustain the allowance of the claim. The decree should be reversed and the claim dismissed.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Williams, JJ.

Decree reversed, on the law and facts, without costs of this appeal to either party, and claim dismissed, without costs. Certain findings of fact disapproved and reversed and new findings made.