■ In the Matter of the Estate of FRED HIDDESSEN, Deceased. GEORGE L. MEMMEN, as Public Administrator of Queens County, Respondent; GEORGE HIDDESSEN, Appellant. — In an accounting proceeding, the claimant appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Queens County (Laurino, S.), dated August 14, 1980, as dismissed his objections to "Schedule D" of the account of petitioner, the Public Administrator of Queens County. Decree affirmed, insofar as appealed from, without costs or disbursements. The claimant failed to sustain his burden of proving that he was entitled to recover for the room and board furnished without charge to his deceased brother (see *Collyer v Collyer,* 113 NY 442; *Matter of Adams,* 1 AD2d 259; see, also, *Holt v Tuite,* 188 NY 17; *Williams v Hutchinson,* 3 NY 312, 318). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.

■ In the Matter of RALPH OLSEN, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent State Commissioner of Social Services, dated December 24, 1979 and made after a statutory fair hearing, which affirmed a determination of the local agency to discontinue petitioner's food stamp authorization. Determination confirmed and proceeding dismissed, on the merits, without costs or disbursements. The petitioner's argument that due process requires a pretermination hearing has not been considered. Procedural requirements necessary to raise the constitutionality of a statute have not been met. Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD AIKEN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered March 18, 1980, convicting him of attempted robbery in the second degree, on his plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on his appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Pearson,* 62 AD2d 1043; *People v Foster,* 58 AD2d 814). Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBORAH BOSTIC, Also Known as DEBRA BOSTIC, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J., at sentencing; Couzens, J., at the plea; Rubin, J., on the motion to dismiss the indictment), rendered October 29, 1980, convicting her of attempted robbery in the second degree, upon her plea of guilty, and imposing sentence. Judgment affirmed. The plea of guilty "vitiated any question as to the sufficiency of the Grand Jury minutes" (see *People v O'Neal,* 44 AD2d 830; *People v Clark,* 65 AD2d 884; see, also, *People v Jordan,* 78 AD2d 878). Lazer, J. P., Gulotta, Margett and Bracken, JJ., concur.