■ MARY MOORS, Appellant, v DONALD HALL, Respondent.— In an action in quantum meruit to recover the value of domestic services rendered by the plaintiff to the defendant, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated March 19, 1987, which granted the defendant's motion to set aside the jury verdict in her favor.

Ordered that the judgment is modified, on the law and the facts, by deleting that portion of the judgment which granted that branch of the defendant's motion which was to set aside the jury verdict on the issue of liability, and substituting therefor a provision denying that branch of the defendant's motion, and reinstating the verdict for the plaintiff on the issue of liability; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages.

The plaintiff instituted the instant action seeking quantum meruit recovery for the reasonable value of domestic services she rendered to the defendant during the years 1962 to 1982. The parties met in 1948 and developed a romantic relationship which lasted until approximately 1982. Although the parties maintained separate residences throughout their relationship, they spent considerable amounts of time with each

other. The parties both worked at the United Nations, spent most of their free time together and often traveled together. The plaintiff testified that from 1962 through 1982, the defendant requested that the plaintiff perform certain domestic services (i.e., cooking and cleaning) for his benefit. The plaintiff claimed that the defendant agreed to pay for those services; however, despite repeated requests by the plaintiff the defendant never made payment. The defendant denied the plaintiff's allegations and testified that he never requested that the plaintiff perform domestic services for his benefit nor did he promise payment therefor.

Following a jury trial, a verdict was rendered in favor of the plaintiff in the sum of $50,000. Upon the defendant's motion, the trial court set the jury verdict aside on the basis that it was against the weight of the credible evidence and violative of the Statute of Frauds. The court also determined that the $50,000 award was speculative. We conclude that the trial court erred in setting aside that portion of the jury verdict which was in favor of the plaintiff and against the defendant on the issue of liability and, accordingly, modify the judgment appealed from so as to reinstate the verdict on that issue and remit the matter for a new trial on the issue of damages.

In the first instance, we note that the plaintiff concedes that the evidence adduced at trial does not establish an express agreement between the parties. Moreover, the plaintiff does not contest the defendant's position that even if such a contract could be established, it would be violative of the Statute of Frauds. It has been recognized, however, that "[t]he fact that an express contract is unenforceable because of its failure to comply with the Statute of Frauds does not mean that quasi-contractual recovery for the reasonable value of services rendered is, therefore, necessarily unavailable *(Silberberg v Haber,* 42 AD2d 552)" *(Peters v Morse,* 96 AD2d 662). It is the plaintiff's position that, based upon the evidence adduced at trial, she is entitled to quantum meruit recovery for the services she rendered to the defendant. We agree.

Quantum meruit recovery " 'rests on a narrow exception to the rule that a party may not expect compensation for a benefit conferred gratuitously upon another' *(Trott v Dean Witter & Co.,* 438 F Supp 842, 844, *affd* 578 F2d 1370)" *(Umscheid v Simnacher,* 106 AD2d 380, 382). In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the

reasonable value of the services *(see, Umscheid v Simnacher, supra,* at 382; *Matter of Adams,* 1 AD2d 259, *affd* 2 NY2d 796).* As a general rule, the performance and acceptance of services gives rise to the inference of an implied contract to pay for the reasonable value of such services *(see, Matter of Adams,* 1 AD2d 259, 262, *affd* 2 NY2d 796, *supra).* This inference, however, may not be drawn "where because of the relationship between the parties, it is natural that such service should be rendered without expectation of pay" *(Robinson v Munn,* 238 NY 40, 43). In such situations, the claimant, in order to prevail, must present evidence to indicate that he or she expected to be paid for the services (i.e., the submission of a bill for services rendered) *(see, Peters v Morse,* 96 AD2d 622, *supra; cf., Matter of Adams,* 1 AD2d 259, *affd* 2 NY2d 796, *supra; Umscheid v Simnacher,* 106 AD2d 380, *supra).* The question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it.

In the case at bar, we conclude that the plaintiff presented sufficient evidence for the jury to have found that the plaintiff established her right to quantum meruit recovery for the domestic services rendered to the defendant. The plaintiff testified that she regularly performed domestic chores at the defendant's residence on a weekly basis. Moreover, the plaintiff and her daughter both testified that the defendant acknowledged on several occasions that he would pay the plaintiff for her services. When the plaintiff asked for payment, the defendant often stated that the plaintiff should "trust" him and that he would pay her when he received his retirement benefits from the United Nations. No payments, however, were ever made when the defendant retired. In view of the foregoing, we conclude that the trial court erred in setting aside the jury verdict against the defendant on the issue of liability since it cannot be said that the jury could not have reached that verdict on any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129).

In reaching this determination, we reject the defendant's contention that the plaintiff's quantum meruit cause of action was properly dismissed, as a matter of law, in view of the holding in *Morone v Morone* (50 NY2d 481). In *Morone (supra),* the Court of Appeals ruled that this State does not recognize the right to receive compensation under an implied contract for domestic services rendered between an unmarried couple who live together. In support of its ruling, the *Morone* court explained that: "[t]he major difficulty with implying a contract

from the rendition of services for one another by persons living together is that it is not reasonable to infer an agreement to pay for the services rendered when the relationship of the parties makes it natural that the services were rendered gratuitously * * *. For courts to attempt through hindsight to sort out the intentions of the parties and affix jural significance to conduct carried out within an essentially private and generally noncontractual relationship runs too great a risk of error. Absent an express agreement, there is no frame of reference against which to compare the testimony presented and the character of the evidence that can be presented becomes more evanescent. There is, therefore, substantially greater risk of emotion-laden afterthought, not to mention fraud, in attempting to ascertain by implication what services, if any, were rendered gratuitously and what compensation, if any, the parties intended to be paid" *(supra,* at 488). The court also noted that these very considerations were involved in the Legislature's abolition of common-law marriages in this State.

*Morone v Morone (supra)* is factually distinguishable from the case at bar in that it involved an unmarried couple who lived together. Herein, the facts clearly demonstrate that the parties always maintained separate residences throughout their relationship. Moreover, the analysis in *Morone v Morone* clearly indicates that the court's ruling was limited to unmarried couples who cohabitate. Accordingly, *Morone v Morone* does not preclude recovery in the case at bar.

Finally, while we are in agreement with the trial court's determination that the verdict of $50,000 to the plaintiff cannot be supported by the evidence in the record, we find that the absence of any evidence as to the value of the plaintiff's services is directly attributable to the trial court's erroneous ruling which precluded the plaintiff from presenting expert testimony on this issue. Contrary to the trial court's ruling, the fact that the plaintiff's expert, in evaluating the value of the plaintiff's domestic services, would necessarily depend upon official publications of statistics and other data which he had gathered, does not necessarily preclude the expert from testifying provided, *inter alia,* that the extraneous material "is of a kind accepted in the profession as reliable in forming a professional opinion" *(People v Sugden,* 35 NY2d 453, 460; *Hambsch v New York City Tr. Auth.,* 63 NY2d 723). This requirement was satisfied in the case at bar. In view of the foregoing, the matter is remitted to the Supreme Court for a trial on the issue of damages. We note that the Supreme Court acted properly in sustaining the affirmative defense

raised in the defendant's answer that the plaintiff is not entitled to recover for the value of services rendered during the period of 1962 to 1976 because that claim is barred by the applicable six-year Statute of Limitations (CPLR 213 [2]). Mollen, P. J., Mangano, Rubin and Sullivan, JJ., concur.