■ LANDCOM, INC., Appellant, v GALEN-LYONS JOINT LANDFILL COMMISSION et al., Respondents. [687 NYS2d 841] —Order affirmed without costs. Memorandum: This matter, involving efforts by plaintiff, Landcom, Inc. (Landcom), to open a new solid waste facility adjacent to an existing landfill operated by defendant Galen-Lyons Joint Landfill Commission (Commission), was previously before our Court (*Matter of Billerbeck v Brady,* 224 AD2d 937). We held that the agreement that committed the Commission to convey property to Landcom and other parties to open the new landfill was null and void because it failed to comply with the requirements of the State Environmental Quality Review Act. Subsequent to that decision, the Commission notified Landcom that neither the Commission nor defendant Town of Galen wished to negotiate a new revised agreement or any other solid waste initiatives with Landcom.

In September 1996 Landcom commenced this action seeking to recover damages for breach of contract and in quasi contract. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the ground that Landcom may not recover damages under an agreement that was declared null and void. Supreme Court properly granted the motions and dismissed the complaint. Landcom concedes that the agreement was declared null and void, but contends that it

properly pleaded a cause of action sounding in quasi contract and is entitled to recover damages under that theory. We disagree. A "quasi contract" theory "only applies in the absence of an express agreement, and is not really a contract at all, but rather a legal obligation imposed in order to prevent a party's unjust enrichment" (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *see, Parsa v State of New York,* 64 NY2d 143, 148, *rearg denied* 64 NY2d 885). The law creates the obligation, regardless of the intention of the parties, to ensure a just and equitable result (*see, Bradkin v Leverton,* 26 NY2d 192, 196). In order to make out a cause of action in quantum meruit or quasi contract, a plaintiff must establish (1) the performance of services in good faith; (2) the acceptance of those services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services (*see, Heller v Kurz,* 228 AD2d 263, 264, quoting *Moors v Hall,* 143 AD2d 336, 337-338).

We conclude that Landcom failed to establish that it performed services with the expectation that it would be compensated. Rather, it appears that Landcom prepared the Part 360 Landfill Construction Application and expended money with the expectation that it would eventually operate the new landfill facility. "Any work was merely preparatory to performance, and therefore could not constitute the basis for restitution based upon unjust enrichment" (*Absher Constr. Corp. v Colin,* 233 AD2d 279, 280; *see, Farash v Sykes Datatronics,* 59 NY2d 500, 506). "Moreover, there is nothing in the record, other than [Landcom's] conclusory assertions, to support its claim that the defendants derived any benefit from [Landcom's] work" (*Absher Constr. Corp. v Colin, supra,* at 280). "Although it may seem harsh to deny [Landcom] payment for services rendered at the request of the municipal officials, [Landcom], in the absence of an appropriation, undertook the work at its own risk" (*Gill, Korff & Assoc. v County of Onondaga,* 152 AD2d 912, 914).

All concur, Balio, J., not participating. (Appeal from Order of Supreme Court, Wayne County, Sirkin, J.—Summary Judgment.) Present—Hayes, J. P., Wisner, Pigott, Jr., Callahan and Balio, JJ.