Bettina D. SCOTT Plaintiff–Counter–Defendant–Appellee,

v.

Scott G. ROSENTHAL and Chartered Finance & Realty Corp. Defendants–Counter–Claimants–Appellants.

**Docket No. 01–9063.**

United States Court of Appeals, Second Circuit.

Dec. 6, 2002.

---

Brown & Fox, P.C., New York, NY, for Defendants–Appellants.

Bettina D. Scott, for Plaintiff–Appellee, pro se.

Present: MESKILL, NEWMAN, and POOLER Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Scott Rosenthal and Chartered Financial Realty Corp. ("Chartered") (collectively, "the defendants") appeal from the August 23, 2001 order of the United States District Court for the Southern District of New York (Louis L. Stanton, *Judge*) denying their motions for judgment as a matter of law and for a new trial.

Plaintiff Scott and defendant Rosenthal were romantically involved for several years. During this time, Rosenthal created defendant Chartered, a partnership engaging in real estate and financial work. Scott created a graphic design company, in part to provide letterhead and brochures for Chartered. During their relationship, Scott and Rosenthal lived and worked out of a studio apartment. Scott testified that she worked many hours for Chartered, and that she believed Rosenthal when he told her she would be financially compensated for her services in the future. However, in July of 1995, Rosenthal told Scott he wanted to end their professional and personal relationship. Scott and Rosenthal continued to live in the same apartment for nine months, during which time they attempted to work out a business settlement. This attempt was unsuccessful, and Scott testified that Rosenthal was emotionally abusive to her during these nine months.

Plaintiff brought this diversity action, which sought recovery from Rosenthal for intentional infliction of emotional distress and from Chartered on a quasi-contract claim. Rosenthal made several cross-claims for various expenditures that he allegedly made on plaintiff's behalf. At trial, both Scott and Rosenthal represented themselves. The jury found in favor of

plaintiff on the quasi-contract claim, and awarded $400,000 in compensation for her years of work for Chartered. The jury did not find for Scott on the emotional distress claim. It found in favor of Rosenthal on two of his counterclaims for relatively minor monetary amounts; however, the judge dismissed Rosenthal's counterclaim concerning the rental payments at the studio apartment.

After the jury verdict, the judge denied defendants' motions for judgment as a matter of law and for a new trial. This appeal followed. Because we find that each of defendants' arguments is without merit, we affirm.

Defendants urge that because plaintiff had waived any procedural deficiency by opposing the 50(b) motion on the merits, the district court erred in *sua sponte* holding that defendants did not satisfy the procedural requirements of Federal Rule of Civil Procedure 50(a). Rule 50(a) requires that defendants move for judgment as a matter of law both at the close of evidence and after the jury's verdict. Defendants further urge that Rosenthal did make a motion for judgment as a matter of law on the quasi-contract claim, but that the district court evidently confused him so that he was prevented from arguing the motion fully. Rosenthal was proceeding *pro se* at the lower court level.

■ We need not decide these matters, because regardless of whether the procedural requirements of Rule 50(a) were met, the court did not err in denying the 50(b) motion for judgment as a matter of law on the quasi-contract claim. If defendant did not make a motion prior to the close of evidence, the district court may only grant judgment as a matter of law to prevent "manifest injustice" when the jury's verdict is "wholly without legal support." *Pahuta v. Massey–Ferguson, Inc.,*

170 F.3d 125, 129 (2d Cir.1999) (citations omitted). That standard is not met here.

■ However, even if Rosenthal did meet the procedural requirements by making the motion at the close of evidence, or if Scott waived the procedural requirements by addressing the merits, the standard for properly preserved claims is still strict: "Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." *Galdieri–Ambrosini v. National Realty & Dev. Corp.,* 136 F.3d 276, 289 (2d Cir.1998).

■ To prove a *quantum meruit* claim, plaintiff "must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services." *Martin H. Bauman Assoc. v. H & M Int'l Transp., Inc.,* 171 A.D.2d 479, 567 N.Y.S.2d 404, 408 (1991). Defendants contend that plaintiff failed to prove two of these elements, an expectation of compensation and the reasonable value of her services. However, plaintiff introduced sufficient evidence for a reasonable juror to find these elements. Any inconsistencies in her testimony do not change this conclusion, since this Court "may not itself weigh the credibility of witnesses or consider the weight of the evidence." *Galdieri–Ambrosini,* 136 F.3d at 289.

■ Defendants also argue that the district court erred in denying defendants' Rule 59 motion for a new trial based on (i) the admission of Exhibit 15; (ii) an incorrect application of the statute of limitations to the quasi-contract claim; (iii) the fact that jury's verdict was against the weight of the evidence; (iv) judicial bias and advo-

cacy in favor of Scott and against Rosenthal; (v) the excessiveness of the jury award; and (vi) the Court's *sua sponte* dismissal of defendant's counterclaim for rent based on a statute of fraud defense. The judge did not err, since these reasons, even considered cumulatively, do not lead to the conclusion that the judge abused his discretion in denying the motion, which should only be granted if the district court "is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Atkins v. New York City,* 143 F.3d 100, 102 (2d Cir.1998) (citations omitted). On review of the district court's ruling, this court "must view the evidence in the light most favorable to the nonmoving party, and will reverse only if the trial court's denial of the new trial motion constitutes an abuse of discretion." *Id.* (citations omitted).

Defendants first contend that Exhibit 15, a chart in which Scott estimated the hours she worked for Chartered, was inadmissible hearsay that the trial court improperly admitted as a summary chart, pursuant to Federal Rule of Evidence 1006. Defendants rely on *United States v. Citron,* in which this Court held that defendants should be granted a new trial because of a summary chart which contained a figure that had been calculated but not explained by the government. 783 F.2d 307, 316–17 (2d Cir.1986). However, in Citron, we noted that the ruling "does not mean that the government must provide detailed testimony stating the basis of each calculation.... All that is required is enough explanation to allow the jury to see how the numbers on a chart were derived from the underlying evidence put before it." *Id.* at 317. Scott testified at length about the hours she worked over the time intervals listed in the chart. The chart she provided is very simple and the concerns of *Citron* are inapplicable. Since defendants failed to object to the admis-

sion of the chart at trial, we review on a plain error standard. The admission of the exhibit is not plain error, since the district court properly found that the chart was largely a graphic depiction of Scott's testimony.

■ Defendants also claim that the judge incorrectly held that the statute of limitations did not bar the compensation sought for the early years of work. Some case law is against plaintiff on this point. *See, Moors v. Hall,* 143 A.D.2d 336, 532 N.Y.S.2d 412, 415–16 (1988) (holding that plaintiff was not entitled to recover for the value of domestic services for the time period that fell more than six years before her filing of suit). On the other hand, New York law recognizes that "[w]here there is an entire contract, such that no part of the compensation is due until the work is done, the cause of action does not accrue until the completion of a substantial part of the services." 75 N.Y.Jur.2d Limitations and Laches § 83. This principle also applies to actions in *quantum meruit* after termination. *Id.* Although Scott and Rosenthal were romantically involved as in *Moors,* the relationship between Scott and Chartered was essentially a professional one with an expectation of payment at some time in the future. Thus, the best interpretation is that the cause of action did not accrue until the termination of the relationship in 1995.

Defendants also contend that the district court erred in denying the motion for a new trial because the jury's verdict was against the weight of the evidence. A district court's denial of a motion for a new trial premised on the ground that the jury's verdict was against the weight of the evidence is not reviewable on appeal. *See, e.g., Robinson v. Cattaraugus County,* 147 F.3d 153, 160 (2d Cir.1998).

Defendants next argue that the district court was biased in Scott's favor. The trial judge did assist Scott, who was proceeding *pro se*, by correcting some of her misunderstandings of law and instructing her on what kind of proof she needed to offer. A trial court may ask questions for such purposes as "clarifying ambiguities, correcting misstatements, or obtaining information needed to make rulings." *United States v. Filani*, 74 F.3d 378, 386 (2d Cir.1996) (citation omitted). And, it "may actively participate and give its own impressions of the evidence or question witnesses, as an aid to the jury, so long as it does not step across the line and become an advocate for one side." *Id.* at 385. There is no evidence of judicial bias sufficient to warrant reversal. Here, the trial judge assisted both *pro se* parties and did not act as an advocate for either party.

Defendants also claim that the jury award is excessive and should be subject to remittitur. To the extent that the defendants seek to challenge the weight of the evidence supporting the size of the verdict, such motions are not reviewable on appeal. *See Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir.1996). Further, "[w]here there is no particular discernable error, we have generally held that a jury's damage award may not be set aside as excessive unless the award is so high as to shock the judicial conscience and constitute a denial of justice." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 165 (2d Cir.1998) (citations omitted). As this award fails to shock the judicial conscience, the district court operated within its discretion in denying remittitur.

Finally, defendants contend that the court improperly dismissed their counterclaim concerning Scott's agreement to repay her share of the rent based on an unpleaded statute of frauds defense. The best interpretation of defendants' pleadings is that the rent claim as originally pled relied upon an alleged legal obligation from joint signatures on the lease. The judge properly held that Rosenthal could not prevail under this theory as a matter of law. After the defendant recharacterized the claim using an oral contract theory, the district court did not then abuse its discretion in applying the statute of frauds defense to the rent claim. The court likely believed that application of the defense would not unfairly prejudice Rosenthal and that it would not have been possible for Scott to raise the defense earlier, such that a finding of waiver of the defense would not have been proper. *See, e.g., American Fed. Group, Ltd. v. Rothenberg*, 136 F.3d 897, 910 (2d Cir.1998).