■ In the Matter of the Estate of SALVATOR ALU, Deceased. ROBERT ALKOFF, Respondent; VICTORIA ALU, Appellant. [755 NYS2d 289] —In a proceeding pursuant to SCPA 1809 to disallow a claim filed by Victoriana Alu, the appeal is from a decree of the Surrogate's Court, Dutchess County (Pagones, J.), dated December 6, 2001, which granted the petition.

Ordered that the decree is affirmed, with costs payable by the appellant personally.

Quantum meruit recovery "rests on a narrow exception to the rule that a party may not expect compensation for a benefit conferred gratuitously upon another" (*Moors v Hall,* 143 AD2d 336, 337 [1988] [internal quotation marks omitted]; *see Trott v Dean Witter & Co.,* 438 F Supp 842, 844 [1977], *affd* 578 F2d 1370 [1978]; *see also Matter of Wilson,* 178 AD2d 996, 997 [1991]). "In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (*Moors v Hall, supra* at 337-338). "As a general rule, the performance and acceptance of services gives rise to the inference of an implied contract to pay for the reasonable value of such services * * * This inference, however, may not be drawn 'where because of the relationship between the parties, it is natural that such service should be rendered without expectation of pay' * * * In such situations, the claimant, in order to prevail, must present evidence to indicate that he or she expected to be paid for the services (i.e., submission of a bill for services rendered)" (*Moors v Hall, supra* at 338). The question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it (*see Moors v Hall, supra*).

Here, the claimant, the decedent's daughter-in-law, failed to present sufficient evidence demonstrating that she expected to be paid for the services she provided to the decedent, which

included cleaning the house, mowing the lawn, nursing him, and taking him to doctor's appointments. Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.