■ INFUSACARE MEDICAL SERVICES, P.C., Appellant-Respondent, v SYRACUSE HOME ASSOCIATION, Respondent-Appellant, et al., Defendant. [853 NYS2d 785]—

Memorandum: Plaintiff commenced this action seeking to recover damages allegedly owed by Syracuse Home Association (defendant) for medical treatment and medication provided by plaintiff to one of defendant's residents. Supreme Court properly granted those parts of the motion of defendant for summary judgment dismissing the breach of contract and account stated causes of action against it inasmuch as the record establishes that there was no contract or account stated between plaintiff and defendant. The court also properly granted that part of plaintiff's motion for summary judgment dismissing defendant's counterclaims, pursuant to which defendant seeks to recover the amount of $11,721.32 allegedly paid in error to plaintiff from Medicare payments received by defendant. "[T]he evidence supports the conclusion that [defendant] was not operating under an actual mistake of law but, instead, made the . . . payment[ ] voluntarily, as a matter of convenience, without having made any effort to learn what its legal obligations were . . . , and [it] is therefore not entitled to the equitable relief of restitution" (*Gimbel Bros. v Brook Shopping Ctrs.*, 118 AD2d 532, 535-536 [1986]).

We agree with defendant, however, that the court erred in denying that part of its motion for summary judgment dismissing the quantum meruit cause of action against it and in granting that part of plaintiff's motion for summary judgment with respect to that cause of action. We therefore modify the order accordingly. To recover in quantum meruit, a plaintiff must establish that the services were performed for the defendant or at its behest (*see Heller v Kurz*, 228 AD2d 263, 264 [1996]) and, here, the record establishes that no benefit was conferred on the resident at the behest of defendant. A plaintiff must also establish, inter alia, that it had "an expectation of compensation therefor" (*Moors v Hall*, 143 AD2d 336, 337 [1988]). Because the record establishes that plaintiff submitted bills to Medicare for the resident's treatments, it cannot be said that plaintiff expected to be paid for its services by defendant. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.