MIRANCO CONTRACTING, INC., Respondent, v ALAN PEREL et al., Appellants, et al., Defendant. (And a Third-Party Action.)
[871 NYS2d 310]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The third-party defendant Michael Miranda is president and sole shareholder of the plaintiff Miranco Contracting, Inc. (hereinafter Miranco), a general contractor. Lillian H. Associates (hereinafter Lillian H.) is a limited liability company that owns

the subject premises (hereinafter the premises) in Staten Island. The defendant Alan Perel is a neurologist who owns 80% of Lillian H., and who purchased the premises in order to expand his medical practice located next door.

Lillian H. hired Miranco to perform construction at the premises from late 2001 to 2003. Lillian H. paid Miranco a total of $105,045.70 from July 15, 2002 through June 9, 2003 for its work on the project. Miranco submitted to Perel a proposal dated May 29, 2003, for the next phase of construction, with an estimated price of $1,176,000. Perel told Miranda that the price was unacceptable and asked him to reduce it. Miranda responded that he could not lower the price, and Perel informed him that Lillian H. was going to get another contractor to finish the job—the defendant Ultimate Alterations, Inc. (hereinafter Ultimate Alterations).

Miranco commenced this action, inter alia, to recover in quantum meruit against Perel, Lillian H., and Ultimate Alterations. Miranco sought to recover, among other things, the sum of $156,960 in quantum meruit. The jury found that the reasonable value of the work, labor, services, and materials provided by Miranco to Lillian H. and Perel (hereinafter the defendants) was $294,045.70, from which the Supreme Court subtracted the $105,045.70 already paid by Lillian H. to Miranco, resulting in a judgment in the principal sum of $189,000 against the defendants.

The defendants moved to set aside the verdict, for a new trial on the issue of damages, and, in effect, for judgment as a matter of law in favor of Perel personally. In an order dated May 4, 2007 the Supreme Court denied the motion.

The Appellate Division has the power to review the weight of the evidence adduced at trial (*see Kinney v Taylor,* 305 AD2d 466 [2003]). A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]). We accord deference to the credibility determinations made by the jury, which had the opportunity to see and hear the witnesses (*see Nicastro v Park,* 113 AD2d 129 [1985]).

To make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they were rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*see Ross v DeLorenzo,* 28 AD3d 631 [2006]; *Tesser v Allboro Equip. Co.,* 302 AD2d 589, 590 [2003]; *Matter of Alu,* 302 AD2d 520 [2003]; *Geraldi v*

*Melamid,* 212 AD2d 575, 576 [1995]). "The customary method of calculating damages on a *quantum meruit* basis in construction contract cases . . . is actual job costs plus an allowance for overhead and profit minus amounts paid" (*Najjar Indus. v City of New York,* 87 AD2d 329, 331-332 [1982], *affd* 68 NY2d 943 [1986]; *see also Whitmyer Bros. v State of New York,* 47 NY2d 960, 962 [1979]).

The jury's verdict on the issue of damages was not supported by the weight of the evidence submitted during the trial with regard to the reasonable value of the work, labor, services, and materials provided by Miranco to the defendants, and it substantially exceeded the amount proffered by Miranco as expenses plus allowance for overhead and profits. The court's later deduction of $105,045.70 from the total damages award to credit the defendants with amounts previously paid did not cure the error in the jury's award.

The jury's verdict imposing personal liability on Perel was supported by the weight of the evidence. One of the primary and completely legitimate purposes of incorporation is to limit or eliminate the personal liability of corporate principals (*see Bartle v Home Owners Coop.,* 309 NY 103, 106 [1955]). Nevertheless, equity will intervene to "pierce the corporate veil" and permit the assertion of claims against the individuals who control the corporation in order to avoid fraud or injustice (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 140-141 [1993]). Generally, piercing the corporate veil requires a showing that the individual defendants (1) exercised complete domination and control over the corporation, and (2) used such domination and control to commit a fraud or wrong against the plaintiff which resulted in injury (*see Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141 [1993]; *Seuter v Lieberman,* 229 AD2d 386 [1996]). Lillian H.'s actions in the instant case were clearly taken in the furtherance of Perel's personal medical practice. Thus, there was a fair interpretation of the evidence by which the jury could have concluded that Perel should be held personally liable.

In light of our determination, the issues raised on the appeal from the order have been rendered academic.

The defendants' remaining contentions are unpreserved for appellate review, and, in any event, without merit. Lifson, J.P., Florio, Eng and Belen, JJ., concur. [*See* 2007 NY Slip Op 31063(U).]