(April 17, 2014)

■ Maria Carmela Farina, Appellant, v Lidia M. Bastianich et al., Respondents. [984 NYS2d 46]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 1, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the fourth cause of action for quantum meruit and the eighth cause of action for unjust enrichment, unanimously modified, on the law, to reinstate the fourth and eighth causes of action against defendant Bastianich, and otherwise affirmed, without costs.

Plaintiff is a 61-year-old Italian citizen; defendant Bastianich is a gourmet chef and restaurateur. The complaint alleges that the late husband of Mrs. Luigia Crespi, Oscar Crespi, worked for many years for defendant Bastianich as a handyman. The complaint alleges that Mr. Crespi, wishing to ensure that his wife would be taken care of following his death, approached defendant Bastianich with an offer: he would deed over his house in College Point, Queens, to Bastianich, upon the understanding that Bastianich would care for his wife after he passed away. On March 9, 1995, Oscar Crespi died from stomach cancer, and on August 20, 1996 his then 89-year-old wife deeded their home to defendant Bastianich in consideration for $10. Mrs. Crespi retained a life estate in the home. There is no familial relationship between Bastianich and Mrs. Crespi.

The complaint alleges that in 2005, an associate of defendant Bastianich offered plaintiff, then residing in Venice, a position as a chef managing and overseeing kitchens for both Bastianich's television show and defendants' restaurants. Plaintiff alleges that she was to receive not less than $600 per week for 40 hours

of work. Bastianich, through her company Tavola Productions, sponsored plaintiff's application for an H2-B visa. H2-B visas are only available to individuals who can demonstrate a certain level of education or a specialty occupation. The visa application represented that plaintiff was to serve as a test kitchen and menu preparation coordinator at a salary of not less than $600 per week.

Upon arriving in the United States in 2006, however, plaintiff was immediately placed in the home of Mrs. Crespi, in College Point, Queens, and told that she was to serve as the personal assistant to the elderly Mrs. Crespi. Her duties involved cleaning Crespi's home, cooking her meals, bathing her, feeding her, shopping and other tasks. Plaintiff also performed housework and gardening for defendant Bastianich. It is undisputed that plaintiff never received monetary compensation for performing these services.

Plaintiff alleges that when she inquired about the compensation she had been promised, she was informed that the process of applying for a green card was "very expensive" and that her earnings were being saved toward costs associated with her green card. When Mrs. Crespi died, in 2011, plaintiff was presented with a one-way ticket back to Italy. Shortly thereafter, defendants instituted an eviction proceeding against plaintiff to remove her from the College Point property. Plaintiff instituted this action seeking compensation for services she had rendered on behalf of defendants and asserting claims for, inter alia, quantum meruit and unjust enrichment.

The motion court granted defendants' motion to dismiss the complaint in its entirety (*see Farina v Bastianich,* 2012 NY Slip Op 33567[U] [Sup Ct, NY County 2012]). As to plaintiff's claim for quantum meruit, the court found plaintiff's allegations on the element of acceptance to be in "direct conflict with her claim that she never received any compensation for her six years of work," noting that plaintiff had been given "health insurance, a place to live . . . , food[,] . . . basic necessities and assistt[ance] with immigration matters" (*id.* at *13-14). The court deemed plaintiff's allegations that "at some unspecified time that [defendants] were placing money into a bank account for her" insufficient to satisfy the element of a reasonable expectation of compensation (*id.* at *14). The court dismissed plaintiff's claim for unjust enrichment because it relied on "the same factual allegations" as her claim for quantum meruit and sought the same damages (*id.* at *15). We now modify to reinstate the causes of action as against defendant Bastianich.

Generally, under the doctrine of quantum meruit, "the per-

formance and acceptance of services gives rise to the inference of an implied contract to pay for the reasonable value of such services" (*Moors v Hall*, 143 AD2d 336, 338 [2d Dept 1988]). To state a cause of action for quantum meruit, plaintiff must allege "(1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (*id.* at 337-338).

Allegations that plaintiff provided personal services in good faith to Mrs. Crespi on behalf of defendant Bastianich are sufficient. Similarly, plaintiff has sufficiently alleged the element of acceptance via allegations that defendant, inter alia, placed her on Tavola's group insurance, filed tax returns on her behalf, and submitted visa applications in which she represented that plaintiff was an employee of Tavola.

The motion court found plaintiff's allegation that she had a reasonable expectation of compensation to be "inherently incredible" in light of the fact that she received no compensation for the period of six years that she cared for Mrs. Crespi (2012 NY Slip Op 33567[U], *14). However, "[t]he question of whether a party had a reasonable expectation of compensation for services rendered is a matter for the trier of fact to determine based on the evidence before it" (*Caribbean Direct, Inc. v Dubset LLC*, 100 AD3d 510, 511 [1st Dept 2012], quoting *Moors v Hall* at 338).

Similarly, plaintiff has sufficiently alleged, at this juncture, that defendant Bastianich was unjustly enriched at her expense. To state a cause of action for unjust enrichment, a plaintiff must demonstrate "that (1) defendant was enriched (2) at plaintiff's expense, and (3) that 'it is against equity and good conscience to permit . . . defendant to retain what is sought to be recovered' " (*Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797, 798 [3d Dept 1999]). A person may be unjustly enriched not only where she receives money or property, but also where she otherwise receives a benefit (*see Manufacturers Hanover Trust Co. v Chemical Bank*, 160 AD2d 113, 117-118 [1st Dept 1990], *lv denied* 77 NY2d 803 [1991]). Such a benefit may be conferred where the person's debt is satisfied or where she is otherwise saved expense or loss (*id.*).

Plaintiff alleges that she conferred a benefit upon defendant Bastianich by serving as a home care attendant to Mrs. Crespi, and that Bastianich has unjustly received and retained those benefits without duly compensating her. Plaintiff asserts that in 1996, Mrs. Crespi deeded her property to Bastianich for $10, reserving a life estate in the property, "with the understanding

that Ms. Bastianich would provide a home care attendant to Mrs. Crespi if and when her health deteriorated to the point where she could not take care of herself." Bastianich was also benefitting from the fact that plaintiff was cleaning and maintaining a house she admittedly owns. Plaintiff alleges that Bastianich promised to pay her $600 per week for her work, and asserts that "equity and good conscience" demand that she be compensated for her services.

The fact that plaintiff may have been compensated, in part, by room and board and health insurance, is not dispositive on the question of whether she received adequate compensation for her services, and does not bar the claim at the pleading stage (*see Foster v Kovner*, 44 AD3d 23, 29 [1st Dept 2007] ["the adequacy of the compensation cannot be resolved on a motion to dismiss, in that even if plaintiff received his salary, he did not receive the equity he was allegedly promised"]). Plaintiff alleges that she was not adequately compensated for her services insofar as a 24-hour home attendant would have cost defendants $200,000 per year, and she received no compensation other than health insurance.

However, the complaint fails to sufficiently allege how defendant Manuali, Bastianich's daughter, or the corporate defendant, Lidia's Enterprise Holdings LLC, were either unjustly enriched by the services plaintiff performed for Mrs. Crespi, or how plaintiff had a reasonable expectation of compensation by defendant Manuali specifically. Accordingly, the fourth and eighth causes of action were properly dismissed as to those defendants. Concur—Sweeny, J.P., Andrias, DeGrasse and Manzanet-Daniels, JJ.