# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**547**

**CA 15-01795**

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

PATRICIA KAREN KILLIAN, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CAPTAIN SPICER'S GALLERY, LLC, SPICER
HOLDINGS, LLC, KENNETH A. HOOSON AND
GREGORY K. HOOSON, DEFENDANTS-RESPONDENTS.

---

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (TERESA M. BENNETT OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (STEPHEN W. GEBO OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered April 13, 2015. The order, among other things, granted defendants' motion for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying defendants' motion in part and reinstating the first cause of action against defendant Captain Spicer's Gallery, LLC for the six-year period before the filing of the complaint insofar as it seeks compensation in the nature of wages, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking unpaid wages and reimbursement of certain credit card charges and funds she advanced while she was the manager of a gift shop owned by defendant Captain Spicer's Gallery, LLC (Gallery). The complaint, as amplified by plaintiff's responses to defendants' interrogatories, also sought damages for, inter alia, the use of a trademark allegedly registered to plaintiff. Plaintiff appeals from an order granting defendants' motion for partial summary judgment dismissing certain claims and denying her cross motion for partial summary judgment.

Plaintiff concedes that Supreme Court properly concluded that the statute of limitations barred all of her claims that accrued prior to August 2006, i.e., more than six years prior to the commencement of the action (*see generally* CPLR 213). She contends, however, that the court erred in dismissing those claims in their entirety rather than permitting them to be used to set off defendants' counterclaims. "Whether setoff is an affirmative defense (CPLR 3018 [b]) or is more akin to a counterclaim (CPLR 3019 [a]), the facts in support thereof must be pleaded in the" responsive pleading (*Kivort Steel v Liberty*

*Leather Corp.*, 110 AD2d 950, 952).  Plaintiff's failure to assert facts in support of her alleged right to a setoff in her reply constitutes a waiver of that right (*see Ellenville Natl. Bank v Freund*, 200 AD2d 827, 828; *Kivort Steel,* 110 AD2d at 952).  Furthermore, even assuming, arguendo, that a setoff could be raised despite that waiver, we note that it is well settled that a time-barred claim may be used to set off another claim only to the extent that the two claims arise from the same incident or transaction (*see Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 791-792; *Robson & Miller, LLP v Sakow*, 121 AD3d 562, 563; *Matter of Watson*, 8 AD3d 1092, 1093-1094), which is not the case here.

Contrary to plaintiff's further contention, the court properly granted that part of defendants' motion with respect to the trademark infringement claim that was arguably raised in her third cause of action, as amplified by her responses to the interrogatories.  "To prevail on [a trademark] infringement action, . . . plaintiff must demonstrate: (1) 'that [she] has a valid mark entitled to protection,' and (2) 'that the defendant[s'] use of that mark is likely to cause confusion' " (*Juicy Couture, Inc. v Bella Intl. Ltd.*, 930 F Supp 2d 489, 498 [SD NY], quoting *Time, Inc. v Petersen Publ. Co. LLC*, 173 F3d 113, 117 [2nd Cir]; *see Van Praagh v Gratton*, 993 F Supp 2d 293, 301 [ED NY]).  Initially, we note that, as discussed above and conceded by plaintiff, this claim is time-barred insofar as it seeks recovery for events occurring more than six years prior to the filing of the complaint.  With respect to that part of the claim that seeks recovery for events allegedly occurring within the six-year period prior to filing, defendants met their burden of establishing that plaintiff's trademark was not valid because it had been cancelled before that time, and plaintiff failed to raise a triable issue of fact whether she "has a valid mark entitled to protection" (*Time, Inc.*, 173 F3d at 117 [internal quotation marks omitted]).

We agree with plaintiff, however, that the court erred in granting that part of defendants' motion with respect to the first cause of action as asserted against the Gallery insofar as she sought damages in the nature of unpaid wages for the six years prior to the filing of the complaint.  We therefore modify the order accordingly.  "In order to make out a cause of action in quantum meruit or quasi contract, a plaintiff must establish (1) the performance of services in good faith; (2) the acceptance of those services by the person [or entity] to whom [or which] they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services" (*Landcom, Inc. v Galen-Lyons Joint Landfill Commn.*, 259 AD2d 967, 968).  " '[T]he performance and acceptance of services gives rise to the inference of an implied contract to pay for the reasonable value of such services' " (*Farina v Bastianich*, 116 AD3d 546, 547-548; *see Matter of Adams*, 1 AD2d 259, 262, *affd* 2 NY2d 796).  Here, the court concluded that no such inference could be drawn, based on its further conclusion that, " 'because of the relationship between the parties, it is natural that such service[s] should be rendered without expectation of pay' " (*Moors v Hall*, 143 AD2d 336, 338, quoting *Robinson v Munn*, 238 NY 40, 43; *see Matter of Alu*, 302 AD2d 520, 520).  Although defendants met their initial burden on the motion by

establishing that such a relationship existed between plaintiff and defendant Kenneth A. Hooson, the principal of the Gallery, we conclude that plaintiff raised a triable issue of fact whether "she expected to be paid for the services" despite that relationship and, if so, whether that expectation was reasonable (*Moors*, 143 AD2d at 338; *see Alu*, 302 AD2d at 520), i.e., whether the employee services for which plaintiff seeks recovery are not the type of "personal services between unmarried persons living together" for which there would not be an expectation of repayment (*Morone v Morone*, 50 NY2d 481, 489; *see generally Umscheid v Simnacher*, 106 AD2d 380, 382-383).

Plaintiff further contends that the court erred in granting that part of defendants' motion with respect to the remainder of the first cause of action, i.e., the non-time-barred claims seeking reimbursement for loans she allegedly made to the Gallery and for merchandise that she allegedly purchased for sale in the Gallery using her personal credit card. Defendants moved for summary judgment dismissing those claims based on several theories, including that they were barred by the statute of frauds, and the court granted that part of defendants' motion with respect to those claims based on the statute of frauds. Plaintiff failed to address that ground in her brief on appeal, however, "and thus any issue with respect to that part of the order is deemed abandoned" (*Razey v Wacht*, 281 AD2d 941, 942, citing *Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  June 17, 2016                          Frances E. Cafarell
                                                 Clerk of the Court