Killian v Captain Spicer's Gallery, LLC (2019 NY Slip Op 01981)





Killian v Captain Spicer's Gallery, LLC


2019 NY Slip Op 01981


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1326 CA 18-01249

[*1]PATRICIA KAREN KILLIAN, PLAINTIFF-APPELLANT,
v
CAPTAIN SPICER'S GALLERY, LLC, SPICER HOLDINGS, LLC, KENNETH A. HOOSON AND GREGORY K. HOOSON, DEFENDANTS-RESPONDENTS. 






BARCLAY DAMON LLP, SYRACUSE (TERESA M. BENNETT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CONBOY, MCKAY, BACHMAN & KENDALL, LLP, WATERTOWN (IAN W. GILBERT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.


 Appeal from a judgment of the Supreme Court, Jefferson County (Hugh A. Gilbert, J.), entered October 4, 2017. The judgment dismissed the complaint after a jury trial. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, inter alia, payment under a theory of quantum meruit for work she performed at a gift shop that was originally owned by defendant Kenneth A. Hooson (Hooson). Hooson and defendant Gregory K. Hooson are the owners of defendant Captain Spicer's Gallery, LLC (Gallery) and defendant Spicer Holdings, LLC, which are the current owners of the gift shop and the property on which it is located. Supreme Court previously granted defendants' motion for partial summary judgment dismissing certain claims but, on a prior appeal, this Court reinstated those parts of the quantum meruit cause of action against the Gallery that were not barred by the statute of limitations (Killian v Captain Spicer's Gallery, LLC, 140 AD3d 1764 [4th Dept 2016], lv dismissed 29 NY3d 981 [2017]). With respect to the reinstated claims, we concluded that defendants met their initial burden on the motion of establishing that plaintiff was not entitled to recover in quantum meruit for the services she rendered on the ground that, "because of the relationship between the parties, it is natural that such service[s] should be rendered without expectation of pay" (id. at 1766 [internal quotation marks omitted]), but we further concluded that plaintiff raised a triable issue of fact "whether she expected to be paid for the services' despite that relationship and, if so, whether that expectation was reasonable" (id.). Plaintiff now appeals from a judgment dismissing the complaint upon a jury verdict that answered the latter questions in the negative. We affirm.
We reject plaintiff's contention that the verdict is contrary to the weight of the evidence. It is well settled that a verdict may be set aside as against the weight of the evidence only if "the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995] [internal quotation marks omitted]), and that is not the case here. "In order to make out a cause of action in quantum meruit or quasi contract, a plaintiff must establish (1) the performance of services in good faith; (2) the acceptance of those services by the person to whom they are rendered; (3) an expectation of compensation therefor; and (4) the reasonable value of the services" (Landcom, Inc. v Galen-Lyons Joint Landfill Commn., 259 AD2d 967, 968 [4th Dept 1999]; see Killian, 140 AD3d at 1766; Moors v Hall, 143 AD2d 336, 337-338 [2d Dept 1988]). In general, "[t]he performance and acceptance of services gives rise to the inference of an implied contract to pay for the reasonable value of such services" (Killian, 140 AD3d at 1766 [*2][internal quotation marks omitted]; see Farina v Bastianich, 116 AD3d 546, 547-548 [1st Dept 2014]). "Th[at] inference, however, may not be drawn where[,] because of the relationship between the parties, it is natural that such service should be rendered without expectation of pay" (Moors, 143 AD2d at 338 [internal quotation marks omitted]; see Robinson v Munn, 238 NY 40, 43 [1924]; Killian, 140 AD3d at 1766), and we conclude that there is a fair interpretation of the evidence pursuant to which the jury could have concluded that plaintiff and Hooson had such a relationship.
We reject plaintiff's contention that the court abused its discretion in refusing to permit plaintiff to introduce into evidence checks that were written to her for services rendered on earlier dates, regarding claims that were barred by the statute of limitations. "A Trial Judge necessarily is vested with broad discretion to determine the materiality and relevance of proposed evidence" (Hyde v County of Rensselaer, 51 NY2d 927, 929 [1980]) and, even if certain evidence is generally admissible, "[s]uch evidence may be excluded if the trial court finds that the risk of confusion or prejudice outweighs the advantage in receiving it" (Salm v Moses, 13 NY3d 816, 818 [2009]). Here, we conclude that the court did not abuse its discretion in declining to admit the checks at issue into evidence.
Plaintiff further contends that the court erred in indicating to the jurors, during a sidebar conference with the attorneys, that the case had previously been dismissed. There is no indication in the record before us that any juror heard any part of whatever conversation occurred off the record. Consequently, we cannot review plaintiff's contention inasmuch as "it is well settled that [m]atter[s] dehors the record [are] not to be considered on appeal' " (Sanders v Tim Hortons, 57 AD3d 1419, 1420 [4th Dept 2008]; see Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 305 [4th Dept 2002], lv denied 99 NY2d 508 [2003]). The record belies plaintiff's further contention that, during a certain part of the court's preliminary instruction, the court informed the jury that the matter had previously been dismissed. We have considered plaintiff's remaining contention and conclude that it does not require a different result.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court