Groove Club, LLC v Peterson (2022 NY Slip Op 06997)

Groove Club, LLC v Peterson

2022 NY Slip Op 06997

Decided on December 08, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 08, 2022

Before: Acosta, P.J., Kapnick, Mazzarelli, González, Rodriguez, JJ. 

Index No. 651030/20 Appeal No. 16602 Case No. 2021-04344 

[*1]Groove Club, LLC, Plaintiff-Appellant,
v
Jay Peterson et al., Defendants-Respondents.

Anthony Motta, Croton, for appellant.
Davis Wright Tremaine LLP, New York (Alison Schary of counsel), for respondents.

Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about July 27, 2021, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law and the facts, to deny the motion to dismiss the breach of implied in fact contract, unjust enrichment, misappropriation of idea, and misappropriation of skills and expenditures claims, and otherwise affirmed, without costs.
This appeal stems from a dispute arising from defendants' allegedly wrongful use of plaintiff's idea for a reality TV show. Plaintiff raised causes of action for breach of implied in fact contract, unjust enrichment, misappropriation of skills and expenditure, and quantum meruit. Supreme Court granted defendants' CPLR 3211(a)(7) motion to dismiss the complaint.
Plaintiff Groove Club, LLC alleges that on August 16, 2011, its principal, nonparty Ron Gastelu, met with defendant Jay Peterson, then employed by nonparty Original Media LLC, a production company, and pitched an idea for a reality TV show based on the concept of medieval armored combat, to be entitled "Steel Wars," "Medieval Fight Club," or "Heavy Metal Combat." He also alleges that they discussed formats for the concept, potential titles for the program, the use of judges for competitions, and how one judge should be a professional wrestler. They discussed contract terms: Original Media would undertake production, "created by" and executive producer screen credit would be given to plaintiff, Gastelu would have a host role, plaintiff would receive a fee of 4.5% of the production budget for each show, any income earned beyond production of the show would be divided 50-50, producer screen credit would be given to certain individuals associated with plaintiff, and plaintiff would recoup the $64,000 spent in developing the concept. He also alleges that the parties eventually entered into an implied in fact contract.
Approximately seven years later, plaintiff approached A&E Television Networks/History Channel. History Channel informed plaintiff that it was "already doing" something "that is almost exactly this show." On January 23, 2019a series entitled "Knight Fight" premiered on the History Channel. The series, which ran for one season, was produced by Matador, and Peterson was an executive producer. Plaintiff alleges that the show not only used plaintiff's concept of medieval armored combat, but also bore other similarities, including that its name, as used on the History Channel website ("Knight Fight Club"), mimicked "Medieval Fight Club," a name proposed by plaintiff; it had a three-judge panel, including a professional wrestler; it used fighting "as depicted" in a sizzle reel plaintiff had given Peterson; and it had other similar features.
Defendants moved to dismiss the complaint per CPLR 3211(a)(7), arguing that plaintiff failed to state a claim, that its noncontract claims were preempted by federal copyright laws, and that the quantum [*2]meruit claim was time-barred.
Although defendant alleges that that no contract was ever agreed upon, given the facts of this case, in particular the allegation that defendant developed a virtually identical concept and shopped it to the History Channel apparently without plaintiff's knowledge, as well as the action's procedural posture and favorable inferences accorded pleadings at the motion to dismiss stage, plaintiff should be allowed to conduct discovery (CPLR 3211[d]; Patterson v Spartan Indus ., 33 NY2d 463, 466-467 [1974]).
However, plaintiff's claim for quantum meruit is barred by the applicable six-year statute of limitations because it accrued in 2011, when plaintiff purportedly gave defendants the concept for the TV show (see e.g. Moors v Hall , 143 AD2d 336, 339-340 [2d Dept 1988]). Plaintiffs commenced this action in 2020, well past the six-year limitation period. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2022